Andrew G. Watters (#237990)
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
+1 (650) 542-0057
andrew@watters.law

Attorney for Amicus Curiae Blue Eagle Coalition,
an unincorporated association

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN NEWSOM, In his official capacity as the Governor of the State of California; STATE OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, In his official capacity as the President of the United States; PETE HEGSETH, In his official capacity as Secretary of the Department of Defense; US DEPARTMENT OF DEFENSE,<br><br>Defendants.<br><br>BLUE EAGLE COALITION, an unincorporated association,<br><br>Amicus Curiae. | Case No: 3:25-cv-04870-CRB<br><br>EX PARTE APPLICATION OF AMICUS CURIAE BLUE EAGLE COALITION FOR LEAVE TO FILE AMICUS BRIEF<br><br>Date: June 12, 2025<br>Time: 1:30 p.m.<br>Place: Zoom<br><br>The Honorable Charles Breyer<br>Senior District Judge |

In general, a district court has broad discretion to permit the filing of amicus briefs. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). "An amicus curiae is not a party to litigation." *Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus., State of Montana*, 694 F.2d 203, 204 (9th Cir. 1982) (citing *Clark v. Sandusky*, 205 F.2d 915, 917 (7th Cir. 1953). Instead, the "classic role" of amicus curiae is "assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Id.* Because amicus curiae are not a party, they have "no control over the litigation and no right to institute any proceedings in it, nor can [they] file any pleadings or motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1068 (N.D. Cal. 2005). It is "within the Court's discretion" whether to allow amici to file a brief, and courts generally exercise "great liberality" in permitting amicus briefs. *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citation omitted). What is required is a statement of interest and a helpful proposed brief.

Here, this is a matter of great public interest– and great private interest. The application to file an amicus brief supporting Defendants on Plaintiffs' T.R.O. application is made before the filing of Defendants' opposition, so the amicus curiae does not know whether there will be any repetition or novelty. Defendants have consented to the filing of the amicus brief; Plaintiffs have not. The nature of the interest of the amicus curiae here is multi-fold; this is a small group of California attorneys that seek to uphold Federal law over the Governor's policy positions for the reasons indicated in the initial meet-and-confer email, the supporting declaration, and the proposed brief. The requirements of an amicus curiae are met here, however small this group is. Accordingly, the amicus curiae seeks leave to file the proposed brief. The only reason the brief is unsigned is that some minor changes may occur in the event developments in the underlying riots take any dramatic or rapid, unexpected turns between submission of the application and a decision on whether leave will be granted.

Date:   June 11, 2025                By:   _____
                                           Andrew G. Watters, Esq.
                                           Attorney for Amicus Curiae
                                           Blue Eagle Coalition