**Subject:** RE: [EXTERNAL] Newsom v. Trump – amicus curiae
**From:** "Edelman, Christopher (CIV)" <Christopher.Edelman@usdoj.gov>
**Date:** 6/10/25, 9:07 AM
**To:** "Andrew G. Watters" <andrew@watters.law>, "Laura.faer@doj.ca.gov" <Laura.faer@doj.ca.gov>
**CC:** "lorraine.lopez@doj.ca.gov" <lorraine.lopez@doj.ca.gov>, "megan.richards@doj.ca.gov" <megan.richards@doj.ca.gov>, "nicholas.espiritu@doj.ca.gov" <nicholas.espiritu@doj.ca.gov>, "Hamilton, Eric (CIV)" <Eric.Hamilton@usdoj.gov>

Hi Andrew,

Thanks for your email.  Defendants consent to this filing.

Best,
Chris

**Christopher Edelman**
Senior Counsel
Department of Justice | Civil Division | Federal Programs Branch
1100 L St. NW | Washington, D.C. 20005
(202) 305-8659 (phone) | (202) 616-8460 (fax)
christopher.edelman@usdoj.gov



*This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information.  If the reader of this message is not the intended recipient, the reader is hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited.  If you have received this in error, please reply immediately to the sender and delete this message.*

-----Original Message-----
From: Andrew G. Watters <andrew@watters.law>
Sent: Tuesday, June 10, 2025 12:01 PM
To: Laura.faer@doj.ca.gov; Edelman, Christopher (CIV) <Christopher.Edelman@usdoj.gov>
Cc: lorraine.lopez@doj.ca.gov; megan.richards@doj.ca.gov; nicholas.espiritu@doj.ca.gov; Hamilton, Eric (CIV) <Eric.Hamilton@usdoj.gov>
Subject: [EXTERNAL] Newsom v. Trump – amicus curiae

Dear Ms. Faer and Mr. Edelman,

I am a lawyer in California with my own small law firm.  Part-time resident of Los Angeles County, and admitted in the Northern District plus the Central District.

I'm reaching out to ask whether the parties would stipulate to allow an amicus curiae brief from a small group of concerned California attorneys that would support the Defendants.  The nature of the interest in the action is twofold: one, the attorney oath taken by all California-admitted

attorneys, including the Deputy Attorneys General who filed this case, is the following:

I, (licensee name) solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of California, and that I will faithfully discharge the duties of an attorney and counselor at law to the best of my knowledge and ability.
As an officer of the court, I will strive to conduct myself at all times with dignity, courtesy and integrity.

As you can see, the Oath requires attorney allegiance to the U.S.
Constitution, and there are other duties imposed by statute and/or case law requiring California attorneys to uphold Federal law.  On this issue, the amicus brief would argue that in the scenario of this action, this group of California government attorneys is violating their oaths by filing a frivolous action/publicity stunt in an attempt to obstruct the President from fulfilling his duty to enforce Federal law, which takes precedence over the duty to support the California governor's policy positions under the Supremacy Clause.  Thus, the action is subject to Rule 11 sanctions for being knowingly contrary to the Constitution and duties of every attorney.  Other California attorneys have a strong interest in the outcome of this issue, because to hold State officials to a different standard that permits flagrant challenges to Federal authority is to deny equal protection of the law to civilian attorneys who get in trouble for far less.

Two, on the merits, the brief will argue that the legal positions taken in the complaint are patently ridiculous.  For example, the claim that "no real property is involved" in the action-- false because the Federal facilities, buildings, destruction, and occupation by the National Guard is all upon real property in the Central District, making the Northern District the wrong venue.  Further, the brief will argue that the Court cannot restrain the President from enforcing Federal law and/or suppressing insurrection-- especially when the deployment meets the criteria under the applicable statute when a Governor refuses to uphold State law and thereby denies citizens their rights, among other issues.
To hold otherwise would be to allow a District Court to interfere with the President's duty to protect the United States and each State from Invasion, plus the President's ability to wage war. This case could set a dangerous precedent by attempting to restrict waging war to a judicial committee, instead of war led by the elected leader of our country.

I realize that your respective sides have this one handled, but as an interested, affected party, attorney, part-time resident of the Central District, and concerned citizen, I would like to have my and my group's voice heard in this matter.  Thank you for your consideration.

Best,

Andrew Watters

--
Andrew G. Watters, Esq.
andrew@watters.law
+1 (650) 542-0057,800
https://www.watters.law