IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN NEWSOM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No. 25-cv-04870-CRB<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO CONTINUE PRELIMINARY INJUNCTION BRIEFING SCHEDULE** |

Defendants move to continue the briefing schedule (and, presumably, the June 20, 2025 hearing) on Plaintiffs' forthcoming Motion for Preliminary Injunction until the Ninth Circuit Court of Appeals has ruled on Defendants' Emergency Motion for Stay Pending Appeal, for which there is a hearing set on June 17, 2025. See Admin. Mot. (dkt. 72). Defendants assert that the Court of Appeals "will presumably issue a prompt ruling," likely "in a matter of days," and they propose that the parties meet and confer within a day of that ruling to agree on a new briefing schedule. Id. at 2–3.

Delay would be counterproductive. Preliminary injunction briefing would supplement the evidentiary record in this case, providing additional detail and contemporary facts about an evolving situation.[1] Indeed, Plaintiffs represent that there are already changed facts relating to: "how National Guard troops are being deployed; how Marines are being utilized . . . ; what the current situation is with regard to unrest on the ground; and whether state law enforcement and federal authorities can adequately address such actions." Opp'n to Admin. Mot. (dkt. 73) at 2. A more fulsome record would aid

---

[1] The Court's Order Granting Plaintiffs' Application for Temporary Restraining Order relayed the evidentiary record only through June 9, 2025. TRO (dkt. 64) at 1–8.

both this Court in assessing the proprietary and scope of any preliminary injunctive relief, as well as the Court of Appeals, if and when it undertakes appellate review of this Court's findings.[2]

Because there is not presently "good cause" to extend the briefing schedule, see Fed. R. Civ. P. 6(b)(1)(A), Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 14, 2025

CHARLES R. BREYER
United States District Judge

---

[2] Plaintiffs assert that "there is serious doubt as to whether the Ninth Circuit has jurisdiction to hear Defendants' appeal of the TRO." Id. (citing Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers, 598 F.3d 1061, 1067 (9th Cir. 2010)). This Court takes no position on that matter.