1  BRETT A. SHUMATE
   Assistant Attorney General
2  ERIC J. HAMILTON (CA Bar No. 296283)
   Deputy Assistant Attorney General
3  ALEXANDER K. HAAS (CA Bar No. 220932)
   Branch Director
4  JEAN LIN (NY Bar No. 4074530)
   Special Litigation Counsel
5  CHRISTOPHER EDELMAN (DC Bar No. 1033486)
   Senior Counsel
6  GARRY D. HARTLIEB (IL Bar No. 6322571)
   BENJAMIN S. KURLAND (DC Bar No. 1617521)
7  Trial Attorneys
   U.S. Department of Justice
8  Civil Division, Federal Programs Branch
   1100 L Street, NW
9  Washington, DC 20005
   *Counsel for Defendants*

10

11              **UNITED STATES DISTRICT COURT**
         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12                **SAN FRANCISCO DIVISION**

13                                              Case No. 3:25-cv-04870-CRB

14  GAVIN NEWSOM, in his official capacity as
    Governor of the State of California, *et al.*,   **DEFENDANTS' MOTION AND**
15                                              **MEMORANDUM OF LAW IN SUPPORT**
                     *Plaintiffs*,             **OF MOTION FOR A PROTECTIVE**
16                                              **ORDER REGARDING THE DEPOSITION**
              v.                                **OF ERNESTO SANTACRUZ JR.**
17
    DONALD J. TRUMP, in his official capacity as
18  President of the United States of America, *et al.*,

19                   *Defendants*.

20

21

22

23

24

25

26

27

28
    3:25-cv-04870-CRB Defendants' Memorandum of Law in Support of Motion For a Protective Order Regarding the
    Deposition of Ernesto Santacruz Jr.

**MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26, Local Rule 7, and the Court's July 4, 2025 Order, ECF No. 105, Defendants respectfully move for a protective order regarding Plaintiffs' notice of deposition to Ernesto Santacruz, Jr., who is the Los Angeles area Field Office Director for Enforcement and Removal Operations ("ERO"), Immigration and Customs Enforcement ("ICE").[1]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

The Court previously granted Plaintiffs' request to conduct expedited discovery, which the Court limited to the question of whether the federalized National Guard and U.S. Marines deployed to Los Angeles are engaged in activities that violate the Posse Comitatus Act ("PCA"). Although Defendants disagree with the Court's order granting discovery and reserve the right to seek relief from it, Defendants have been working diligently to respond to—and will lodge appropriate objections to—the discovery requests, which include no fewer than twenty interrogatories and sixteen requests for document production. Additionally, Defendants have already agreed to the deposition of a Department of Defense ("DoD") deponent who has significant responsibilities within the relevant chain of command and knowledge of the National Guard and U.S. Marines' activities in Los Angeles since they were deployed in June.

Defendants, however, object to the deposition of Mr. Santacruz. In the context of expedited discovery for purposes of a preliminary injunction, a discovery request must be "narrowly tailored" to obtain information that is "essential for the preliminary injunction." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1100 (N.D. Cal. 2012); *see also Hum. Rts. Watch v. Drug Enf't Admin.*, No. CV 15-2573-PSG (JPRX), 2015 WL 13648069, at *3 (C.D. Cal. July 10, 2015)

---

[1] The undersigned certifies that Defendants have conferred in good faith with Plaintiffs' counsel to resolve this dispute through conference calls and E-mail exchanges. Although Plaintiffs agreed to depose the DoD deponent discussed further below first and re-evaluate thereafter whether Mr. Santacruz's deposition remains necessary in their view, they are unwilling to withdraw the notice of deposition for Mr. Santacruz. Because of the expedited discovery schedule and because depositions are expected to take place toward the end of the discovery period, the parties have agreed to brief this issue now, as noted in their Stipulated Motion to Enlarge Time, ECF No. 104, which this Court granted on July 4, 2025, ECF No. 105.

3:25-cv-04870-CRB Defendants' Memorandum of Law in Support of Motion For a Protective Order Regarding the Deposition of Ernesto Santacruz Jr.

1    ("A party's expedited discovery requests should be 'narrowly tailored' so as to discover only the

2    'minimum amount of information needed' to achieve its stated purpose." (quoting *AF Holdings*

3    *LLC v. Doe*, No. 2:11-CV-03076 LKK, 2012 WL 974933, at *3 (E.D. Cal. Mar. 21, 2012))). This

4    is because "expedited discovery is not the norm" and the party seeking such extraordinary

5    measures must demonstrate that the discovery "outweighs the prejudice to the responding party."

6    *Ahern Rentals Inc. v. Young*, No. 2:21-cv-02190, 2021 WL 6064206, at *1 (D. Nev. Dec. 22, 2021).

7    Thus, in granting expedited discovery, the Court instructed that "the universe of discovery at issue

8    is narrowly tailored 'to include only what is essential for the preliminary injunction.'" ECF No.

9    101 at 11, n.5 (citation and internal quotation marks omitted). Critically, the Court limited

10   discovery to Plaintiffs' PCA claim and denied discovery with respect to the permissible duration

11   and scope of the federalization of the National Guard, noting that, in light of the Ninth Circuit's

12   stay opinion, "the propriety of President Trump's federalization of the National Guard is not now

13   a viable basis for preliminary injunction." *Id*. at 9–10.

14         Given the narrow focus of the permitted expedited discovery, there is no basis for

15   subjecting Mr. Santacruz to the burdens of an expedited deposition. Mr. Santacruz's deposition is

16   at best duplicative and tangential to the single PCA issue on which this Court granted discovery—

17   whether the federalized National Guard and Marines deployed to Los Angeles are violating the

18   PCA—and is certainly not *necessary* to resolve the preliminary injunction motion. Mr. Santacruz

19   is not employed by—and does not oversee—any element of the Armed Forces. He is not in the

20   military, does not direct military operations on behalf of the U.S. Army, California National Guard,

21   the federalized Guard, or U.S. Marine Corps, and is not within any of those units' chain of

22   command. Instead, he is a DHS official charged with overseeing immigration law enforcement

23   operations pursuant to statutory authorities. *See* ECF 22-1 ¶ 4 ("First Santacruz Decl.") (citing 8

24   U.S.C. § 1357); *id*. ¶ 6 (citing 8 U.S.C. §§ 1225, 1226, 1231, 1357). ERO and ICE are, of course,

25   not subject to the PCA because they are not part of the military. *See* 18 U.S.C. § 1385 (applying

26   to members of "the Army, the Navy, the Marine Corps, the Air Force, or the Space Force"). And

27   no DHS component, including ERO and ICE, is a party to this suit. As important as Mr.

28   Santacruz's role is in overseeing ERO's immigration law enforcement operations in Los Angeles,

3:25-cv-04870-CRB Defendants' Memorandum of Law in Support of Motion For a Protective Order Regarding the Deposition of Ernesto Santacruz Jr.

2

1  he does not command the federalized National Guard or U.S. Marines deployed to Los Angeles.

2  *See* First Santacruz Decl., ¶¶ 1–3.  While ICE is responsible for mission perimeters, that does not

3  mean it is his responsibility as a DHS official to opine on the PCA implications of a request for

4  assistance from ICE to the National Guard or Marines.  The DoD independently reviews whether

5  it can accommodate requests for assistance given its own internal regulations and standing orders.

6        To the extent Mr. Santacruz's testimony could minimally shed light on the military's

7  activities, his testimony is certainly unnecessary given other information Defendants have agreed

8  to provide that directly bears on the Guard and Marines' activities.  Most importantly, Defendants

9  have agreed to the deposition of Task Force 51 Deputy Chief of Staff, Mr. William (Brent)

10  Harrington.  Defendants' proposed deponent, whose full-day deposition is currently scheduled for

11  July 22, 2025, has significant responsibilities within the relevant chain of command and knowledge

12  of the National Guard and U.S. Marines' activities in Los Angeles since they were deployed in

13  June.  As the Deputy Chief of Staff to Task Force 51, he is knowledgeable about the National

14  Guard and U.S. Marines' conduct as it relates to the PCA, including the scope of the mission, and

15  the specific orders to the Guard and Marines.  Moreover, subject to appropriate objections to

16  Plaintiffs' other discovery requests, Defendants will also produce documentary evidence from

17  DoD relevant to the PCA issue.

18        Mr. Santacruz's deposition testimony is thus not "essential" to resolution of the preliminary

19  injunction motion, *Rovio Ent. Ltd*, 907 F. Supp. 2d at 1100, because even if Mr. Santacruz has

20  information about the military's compliance with the PCA—and there is no reason to think he

21  does—Plaintiffs will be able to obtain that information from DoD, the Defendant that is subject to

22  the PCA, including from a deponent in Los Angeles with knowledge of the National Guard and

23  Marines' activities in Los Angeles.  And subjecting Mr. Santacruz to the burdens of a deposition

24  on an expedited basis, including the necessary preparation for the deposition, would unduly divert

25  him from his important responsibilities in overseeing immigration law enforcement operations

26  pursuant to DHS's statutory obligations.  That step is particularly unwarranted when, *at most*, Mr.

27  Santacruz only has incomplete knowledge of the Guard and Marines' operations.

28

3:25-cv-04870-CRB Defendants' Memorandum of Law in Support of Motion For a Protective Order Regarding the Deposition of Ernesto Santacruz Jr.

1    It is also irrelevant that Mr. Santacruz has submitted two declarations in opposition to

2  Plaintiffs' emergency motions.  Plaintiffs' initial TRO motion principally sought relief on the

3  grounds that none of the statutory grounds for federalizing the Guard was met—including the

4  provision allowing the President to federalize the Guard where he "is unable with the regular forces

5  to execute the laws of the United States."  10 U.S.C. § 12406(3).  Much of Mr. Santacruz's

6  declarations were responsive to *that* line of argument.  Mr. Santacruz's declarations addressed ICE

7  ERO's operations, First Santacruz Decl. ¶¶ 3–6, the outbreak and course of the riots in Los

8  Angeles, *id.* ¶¶ 7–33, and the conditions in Los Angeles following the Court's issuance of a TRO,

9  ECF No. 84-1 ¶¶ 3–14 ("Suppl. Santacruz Decl.").  But as this Court has recognized, that issue is

10  off the table in the pending preliminary injunction proceedings, since the Ninth Circuit held that

11  the President "likely acted within his authority in federalizing the National Guard under 10 U.S.C.

12  § 12406(3)." *Newsom et al. v. Trump et al.*, --- F.4th ----, No. 25-3727, 2025 WL 1712930, at *12

13  (9th Cir. June 19, 2025).

14    By contrast, as to the remaining issue on which the Court granted discovery, Mr.

15  Santacruz's prior declarations do not address the National Guard or Marine Corps' obligations

16  under, or compliance with, the PCA.  As noted above, Mr. Santacruz's declarations focus on the

17  conditions in Los Angeles before and after the Guard was deployed.  To the extent Mr. Santacruz

18  also commented on the usefulness of National Guard in protecting federal officials and property,

19  *see, e.g.*, Suppl. Santacruz Decl. ¶¶ 4, 7–13, this does not mean he is in a position to opine or add

20  anything to Mr. Harrington's testimony on the scope of the National Guard's mission; the military's

21  regulation, oversight, and training regarding the PCA; and whether the Guard's activities

22  comported with such regulations.

23    Plaintiffs have also indicated that they would like to depose Mr. Santacruz concerning a

24  few discrete events involving the Guard—including one in which an individual was temporarily

25  detained for spitting on Federal Protective Services and National Guard personnel, Suppl.

26  Santacruz Decl. ¶ 6, and another in which the Guard "cleared a path" for a van removing detainees

27  from a federal facility, *id.* ¶ 8.  But initially, these occurrences on their face do not support

28  Plaintiffs' contention that the federalized Guard and Marines are enforcing the laws in supposed

violation of the PCA.  And putting aside that there is no plausible claim that these events involved violations of the PCA, it is also unclear how such past instances plausibly could entitle Plaintiffs to prospective injunctive relief.  In any event, Mr. Santacruz does not oversee those units, cannot speak to the National Guard's direct orders on those days or any after-action assessments of the Guard's conduct; and even if these instances were relevant to the pending preliminary injunction motion, there is no reason to think that any information Mr. Santacruz might have concerning them is unique and could not be obtained from the DoD directly.

Finally, the broader context counsels further in favor of a protective order.  The Court authorized discovery even though it recognized that the relevant Presidential and Secretarial memoranda on their face do not direct activities that would violate the PCA.  ECF No. 64 at 28.  Declarations submitted from military officials have already explained in detail the activities performed by the federalized Guard and Marines in Los Angeles and confirm that they are merely performing protective functions.  *See, e.g.*, ECF No. 84-3 ¶ 9(A)–(D).  And, as Defendants have previously explained, there are in any event multiple significant threshold legal bars to Plaintiffs receiving a preliminary injunction (or any other relief) on their PCA claim, including that Plaintiffs lack a cause of action to enforce the PCA and that the Ninth Circuit's decision logically forecloses relief on that claim even if the Guard and Marines were executing the laws (which they are not).  *See* ECF No. 99 at 2.

Defendants understand and appreciate that these points did not persuade the Court that *no* discovery was necessary at this time.  But these considerations at the very least underscore that this Court should ensure that any discovery ordered—particularly time-intensive depositions that divert public servants from their important official duties—are truly necessary to resolve the motion currently pending before the Court.  Because Mr. Santacruz's testimony is plainly not essential to decide the preliminary injunction on the narrow issue of whether the federalized National Guard and U.S. Marines deployed to Los Angeles have violated the PCA, the Court should grant Defendant's motion for a protective order preventing the deposition of Mr. Santacruz.

3:25-cv-04870-CRB Defendants' Memorandum of Law in Support of Motion For a Protective Order Regarding the Deposition of Ernesto Santacruz Jr.

5

1

2      Dated: July 9, 2025                                    Respectfully submitted,

3                                                             BRETT A. SHUMATE
                                                              Assistant Attorney General
4                                                             Civil Division

5                                                             ERIC J. HAMILTON
                                                              Deputy Assistant Attorney General
6                                                             Federal Programs Branch
                                                              (CA Bar No. 296283)
7

8                                                             ALEXANDER K. HAAS
                                                              (CA Bar No. 220932)
9                                                             Director, Federal Programs Branch

10                                                            JEAN LIN
                                                              (NY Bar No. 4074530)
11                                                            Special Litigation Counsel
                                                              Federal Programs Branch
12

13

14     _____

15                                                            BENJAMIN S. KURLAND
                                                              (DC Bar No. 1617521)
16                                                            Trial Attorney
                                                              CHRISTOPHER EDELMAN
17                                                            (DC Bar No. 1033486)
                                                              Senior Counsel
18                                                            GARRY D. HARTLIEB
                                                              (IL Bar No. 6322571)
19                                                            Trial Attorney
                                                              U.S. Department of Justice
20                                                            Civil Division, Federal Programs Branch
                                                              1100 L Street, N.W.
21                                                            Washington, DC 20005
                                                              Tel.: 202.598.7755
22                                                            Email: ben.kurland@usdoj.gov@usdoj.gov

23
                                                              *Counsel for Defendants*
24

25

26

27

28