**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LORRAINE LOPEZ
BARBARA HORNE-PETERSDORF
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3877
E-mail: Meghan.Strong@doj.ca.gov
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; STATE OF CALIFORNIA,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PETE HEGSETH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF DEFENSE,**<br><br>Defendants. | **NO. 3:25-cv-04870**<br><br>**PLAINTIFFS' BRIEF REGARDING DEPOSITIONS** |

**INTRODUCTION**

On June 25, 2025, the Court authorized Plaintiffs to seek expedited discovery as to the Posse Comitatus Act in support of their preliminary injunction motion. ECF No. 101. Consistent with that order, on June 26, Plaintiffs served requests for production and interrogatories on Defendants, as well as deposition notices seeking the depositions of three individuals who had submitted declarations in support of Defendants' pleadings in this case: Ernesto Santacruz, Jr.; Major General Scott Sherman; and Major General Niave Knell. In the weeks since, the parties have met and conferred repeatedly via both videoconference and email, and Plaintiffs have agreed to an extension of the original expedited discovery schedule to accommodate Defendants, and to take the deposition of William Brent Harrington in lieu of Major Generals Sherman and Knell in order to accommodate Defendants and reduce any potential burden. However, despite Plaintiffs' concessions, Defendants continue to object to the deposition of their primary declarant, Mr. Santacruz, and the parties are at an impasse on this issue.

Mr. Santacruz, the Field Office Director of the Los Angeles Field Office of Immigration and Customs Enforcement (ICE), has provided two declarations to this Court and one to the Ninth Circuit attesting to events on the ground in Los Angeles and actions taken by the military deployed there. Defendants have put his knowledge squarely at the center of their defense by submitting his declaration in support of their opposition to Plaintiffs' motion. He thus has knowledge within the scope of the authorized expedited discovery, and Plaintiffs are entitled to seek his deposition. Nevertheless, Defendants now oppose Mr. Santacruz's deposition, maintaining that he does not have information regarding the military's compliance with the Posse Comitatus Act in Los Angeles and that, even if he did, that information can be obtained from Mr. Harrington's deposition. But as an ICE Field Office Director who already attested to certain incidents involving the federalized National Guard, including asserting the military's protective function for federal personnel were essential to effective and safe immigration enforcement operations (which Defendants emphasized in prior proceedings before this Court and particularly the Ninth Circuit), Plaintiffs are entitled to test the veracity of Mr. Santacruz's proffered

testimony.[1] As the Court already recognized in granting Plaintiffs' request for expedited discovery, "Plaintiffs are entitled to" Mr. Santacruz's deposition. ECF No. 101 at 8. Plaintiffs respectfully request the Court order Defendants to make Mr. Santacruz available for a deposition.

## LEGAL STANDARD

Courts may order expedited discovery, as the Court did here, on a showing of good cause. *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854 (N.D. Cal. 2019). Parties are entitled to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court should limit the "frequency or extent of discovery" only if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, lets burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## ARGUMENT

### I. MR. SANTACRUZ'S PRIOR DECLARATIONS SHOW HE HAS INFORMATION RELEVANT TO THE POSSE COMITATUS ACT

Defendants have affirmatively put Mr. Santacruz's testimony at issue in this action by submitting and relying on his declarations in opposing Plaintiffs' TRO and preliminary injunction motions. Mr. Santacruz has submitted *three* sworn declarations in this action, two before this Court and one to the Ninth Circuit. ECF Nos. 22-1, 84-1; 9th Cir. No. 25-3727, Dkt. 23.1 at 18-24. In those declarations, Mr. Santacruz provides details of events in Los Angeles, including the actions of the federalized National Guard and Marines deployed there and the steps they have taken to aid ICE (Mr. Santacruz's employer) and protect federal property. As just a few

[1] To the extent that Defendants now claim Mr. Santacruz's declarations were limited to the federalization of the National Guard, rather than how the Guard was used once they were federalized, such an attempt at fine splicing Mr. Santacruz's statements are belied by the declarations themselves. Mr. Santacruz's statements were relied upon significantly by this Court and the Ninth Circuit, and while Plaintiffs do not dispute that the issues the Ninth Circuit analyzed remain before that court and the scope of discovery at this stage is limited to the Posse Comitatus Act, the parties and court's reliance on Mr. Santacruz affirms the clear relevance of his testimony to this case.

examples, Mr. Santacruz attested in his declarations to the following facts and topics that are relevant to Defendants' compliance with the Posse Comitatus Act:

- Mr. Santacruz stated that members of the National Guard were "providing protection of federal personnel, property, and functions" and that "the National Guard have been essential to protecting" federal buildings. ECF No. 84-1 ¶¶ 3-4.
- Mr. Santacruz stated that a "suspect was taken into custody after spitting on a Federal Protective Service (FPS) officer and National Guard members" but did not elaborate on the role National Guard members played in the arrest. *Id.* ¶ 6.
- Mr. Santacruz stated that "the Guards have assisted on most operations that ICE and its federal partners conducted this week, enhancing the level of safety for ICE and its federal partners with those operations. The Guards are acting as a security element, accompanying federal officers and agents during operations to ensure safety of all involved." *Id.* ¶ 7.
- Mr. Santacruz stated that "[t]he National Guard has been protecting the entire perimeter of the federal complex all week" and "cleared a path for several unmarked vans to remove the detainees in small groups." *Id.* ¶ 8.
- Mr. Santacruz stated that "[t]he Guard's Quick Reaction Force is available 24/7 to federal law enforcement officers conducting operations in the Los Angeles area." *Id.* ¶ 9.
- Mr. Santacruz stated that "[t]he National Guard, with approximately 900 troops assigned to protect federal buildings, has also been instrumental in enhancing the ability to protect federal property from damage or breach attempts." *Id.* ¶ 13.

All of these topics are relevant to whether Defendants are violating the Posse Comitatus Act and are topics about which Plaintiffs seek to question Mr. Santacruz. And the above list covers examples from only the first two and a half weeks of the military's deployment, through June 18 when Mr. Santacruz submitted his supplemental declaration. ECF No. 84-1. The number of events and interactions between the military, ICE officers, and the community that Mr. Santacruz has observed or been made aware of in his role has undoubtedly grown in the weeks since. Given that Defendants have offered Mr. Santacruz's declarations in support of their pleadings and his clear knowledge of events in Los Angeles and the military's actions provided in support of ICE,

Plaintiffs should be permitted to take his deposition about those topics as part of expedited discovery. *See Apple Inc. v. Samsung Elec. Co., Ltd.*, No. 12-CV-00630-LHK (PSG), 2012 WL 1595793, at *4 (N.D. Cal. May 4, 2012) (requiring party to make available for deposition declarants who submitted declarations supporting opposition to preliminary injunction motion).

## II. PLAINTIFFS SHOULD NOT BE LIMITED TO MR. HARRINGTON'S DEPOSITION

Defendants asserted during the parties' meet-and-confer meetings and emails that any information Mr. Santacruz might have related to the military's compliance with the Posse Comitatus Act can be sought from the Department of Defense via Mr. Harrington and that Plaintiffs therefore should not be permitted to take Mr. Santacruz's deposition. However, Mr. Santacruz can provide Plaintiffs with his unique perspective and observations from the ICE side of operations, compared with Mr. Harrington's observations from the Department of Defense side of operations. As the military and ICE are working together in Los Angeles, it is only logical that one person from each of these entities should testify to what that operation looks like and the actions the military are taking. Indeed, Defendants found it necessary to offer declarations from both entities in their TRO and preliminary injunction papers, and a review of those declarations shows the differing areas covered by declarants from the two distinct agencies. Plaintiffs similarly find both depositions necessary. Plaintiffs' request to take two depositions of individuals with knowledge of the military's activities in Los Angeles is not unreasonable under Federal Rule of Civil Procedure ("Rule") 26.

Moreover, Defendants' assertion is not the standard. Rule 26(b)(2)(C)(i) authorizes limiting discovery only when it is "*unreasonably* cumulative or duplicative" (emphasis added), and Plaintiffs' request to depose Mr. Santacruz is not unreasonable merely because there may be some degree of overlap between Mr. Harrington and Mr. Santacruz's knowledge. *Barnes v. Equinox Grp.*, No. C 10-03586 LB, 2012 WL 13060044, at *2 (N.D. Cal. June 14, 2012) (finding that additional depositions were not unreasonably duplicative or cumulative); *Dibb v. AllianceOne Receivables Mgmt.*, No. 14–5835 RJB, 2015 WL 9690313, at *2 (W.D. Wash. Oct. 19, 2015) (denying motion to quash deposition subpoenas on basis that depositions were not "unreasonably cumulative or duplicative" where plaintiffs sought to question deponents about

statements in substantive declarations they had submitted in the lawsuit). This is especially so where Defendants have already "effectively concede[d]" that Mr. Santacruz has relevant knowledge by relying on his declarations. *Barnes*, 2012 WL 13060044, at *2. Moreover, Plaintiffs are unable to fully assess whether Mr. Harrington can cover all relevant topics given that he has not provided declarations in the case. Nor could Plaintiffs obtain the same information from a more convenient, less burdensome, or less expensive source. Plaintiffs have already offered to take Mr. Santacruz's deposition in Los Angeles, where he is based, to reduce any burden or expense. Plaintiffs should not have to forego Mr. Santacruz's deposition entirely.

## III. PLAINTIFFS SHOULD BE ALLOWED A FULL DAY DEPOSITION OF EACH DEPONENT

In granting Plaintiffs' request for expedited discovery, the Court rejected Defendants' claim that it would be burdensome to make officials available for a deposition and stated that "the Court is unpersuaded that one day of depositions is excessive." ECF No. 101 at 9 (citing Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.")). Defendants claim this portion of the order means that Plaintiffs are entitled to only seven hours *total* for all depositions. Plaintiffs think it clear from the order that the Court was merely affirming that Rule 30(d)(1)'s seven-hour limit would apply to any deposition such that any individual deponent would be taken away from their usual duties for at most one day, and was not limiting Plaintiffs to just one day total. Plaintiffs respectfully request that the Court clarify its order and make clear that Plaintiffs are not limited to seven hours total for all depositions. Thus, for example, if Plaintiffs take a five-hour deposition of Mr. Harrington, they should not be limited to just two hours with Mr. Santacruz. While Plaintiffs will terminate any depositions early if they are able to ask and obtain answers to all their questions in less than seven hours, there is not good cause for preemptively limiting Rule 30(d)(1)'s default standard.

## CONCLUSION

In light of the foregoing, this Court should order the deposition of Ernesto Santacruz, Jr., to be taken on a date during the week of July 21, with the exact date subject to meet-and-confer efforts by the parties, and clarify that Plaintiffs may depose Mr. Harrington and Mr. Santacruz for a maximum of seven hours each.

Dated: July 9, 2025

Respectfully submitted,

**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LORRAINE LOPEZ
BARBARA HORNE-PETERSDORF
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG

*/s/ Meghan Strong*

Deputy Attorney General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3877
E-mail: Meghan.Strong@doj.ca.gov

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

Case Name: ***Newsom, et al. v. Trump, et al.*** No. **3:25-cv-04870-CRB**

I hereby certify that on July 9, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' BRIEF REGARDING DEPOSITIONS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On July 9, 2025, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

| | |
|---|---|
| **Brandon V. Stracener**<br>California Constitution Center<br>University of California, Berkeley<br>School of Law #7200<br>Berkeley, CA 94720-7200 | **David A. Carrillo**<br>California Constitution Center<br>University of California, Berkeley<br>School of Law #7200<br>Berkeley, CA 94720-7200 |
| **Non-Party**<br>Seyfarth Shaw LLP<br>560 Mission Street, Suite 3100<br>San Francisco, CA 94105 | **Blue Eagle Coalition**<br>555 Twin Dolphin Dr., Ste. 135<br>Redwood City, CA 94065 |
| **State of Delaware**<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801 | **State of Washington**<br>Washington State Attorney General's Office<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104 |
| **Arman Matevosyan**<br>The Matevosyan Law Firm<br>313 E. Broadway #10086<br>Glendale, CA 91209 | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 9, 2025, at San Francisco, California.

| M. Paredes | */s/ M. Paredes* |
|---|---|
| Declarant | Signature |

SF2025303707
44689500.docx