1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GAVIN NEWSOM, et al.,

          Plaintiffs,

    v.

DONALD J. TRUMP, et al.,

          Defendants.

Case No.  25-cv-04870-CRB

**ORDER RE DEPOSITION OF ERNESTO SANTACRUZ JR.**

The Court recently granted Plaintiffs' request for discovery in connection with Plaintiffs' motion for a preliminary injunction.  Order re: Discovery (dkt. 101); see also Order Granting Stipulated Motion re: Discovery Schedule (dkt. 105).  The Court held that "the reality of the rapidly evolving situation on the ground in Los Angeles, among other factors, necessitated expedited discovery."  Order re: Discovery at 10–11.  But the Court limited the scope of discovery to whether the federalized National Guard and U.S. Marines are engaged in activities that violate the Posse Comitatus Act.  Id.

The parties now disagree about whether Plaintiffs may take the deposition of Ernesto Santacruz Jr., the field office director of the Los Angeles Office of the Department of Homeland Security.  Def. Br. (dkt. 106); Pl. Br. (dkt. 107); see also Santacruz Decl. (dkt. 22-1) ¶ 1.[1]  Mr. Santacruz "direct[s] and oversee[s] ICE's enforcement of federal immigration laws within the Central District of California," which includes Los Angeles. Santacruz Decl. ¶ 3.

The Court is familiar with Mr. Santacruz, who has already submitted two

---

[1] The Court commends the parties on their engagement in the meet-and-confer process, which has reportedly resolved other discovery-related disagreements.  See Pl. Br. at 1.

United States District Court
Northern District of California

declarations in this case—one in opposition to Plaintiffs' request for a TRO, see Santacruz Decl., and the other in opposition to Plaintiffs' motion for a preliminary injunction, see Supp. Santacruz Decl. (dkt. 84-1).  His first declaration describes ICE's operations in Los Angeles beginning on June 6, 2025.  Santacruz Decl. ¶ 7.  His declarations—especially his second one—also describe the role that the National Guard has played in Los Angeles since June 18, 2025.  See, e.g., Supp. Santacruz Decl. ¶ 3 ("It is my understanding that, as of June 18, 2025, approximately 3,000 Department of Defense personnel, which includes approximately 2,000 members of the California National Guard, are in the Los Angeles area providing protection of federal personnel, property, and functions."), ¶ 4 ("Members of the National Guard have been essential to protecting the building"), ¶ 7 ("The National Guard has been extremely helpful this week by protecting federal property and personnel during immigration enforcement operations.  Through their protective efforts, the Guards have assisted on most operations that ICE and its federal partners conducted this week.").  Given the substance of these declarations, Defendants' assertion that "there is no basis" to subject Mr. Santacruz to an expedited deposition strains credibility.  Def. Br. at 2.  No one disputes that Mr. Santacruz "does not command the federalized National Guard or U.S. Marines."  See id. at 3.  But Defendants themselves offered up Mr. Santacruz on the subject of what the federalized National Guard and U.S. Marines are doing in Los Angeles, which is directly relevant to whether Defendants have violated the Posse Comitatus Act.

Defendants also argue that Mr. Santacruz's testimony is unnecessary given the deposition of Task Force 51 Deputy Chief of Staff William (Brent) Harrington, which the parties have already scheduled for July 22, 2025.  Id.; see also Pl. Br. at 1 (asserting that Plaintiffs agreed to take Mr. Harrington's declaration "in lieu of Major Generals Sherman and Knell").  But Mr. Harrington will offer testimony from the Department of Defense side of the operations in Los Angeles, while Mr. Santacruz can offer testimony from the ICE side of those.  Both perspectives are necessary to fully understand what is happening in Los Angeles, as Defendants revealed in their opposition to Plaintiffs' motion for a preliminary injunction.  See, e.g., Supp. Santacruz Decl.; Nordhaus Decl. (dkt. 84-2);

2

Sherman Decl. (dkt. 84-3).  Moreover, Plaintiffs are entitled to test whether Mr. Santacruz's testimony differs in any meaningful way from Mr. Harrington's testimony—or from Mr. Santacruz's own declarations, for that matter.  Mr. Santacruz's testimony would therefore not be "unreasonably cumulative or duplicative," nor could it be "obtained from some other source."  See Fed. R. Civ. P. 26(b)(2)(C)(i).  And while Defendants express concern that subjecting Mr. Santacruz to a deposition "would unduly divert him from his important responsibilities," Def. Br. at 3, they offer no concrete evidence to explain why these responsibilities cannot accommodate a seven-hour deposition.  See Fed. R. Civ. P. 30(d)(1).[2]

The Court therefore DIRECTS the parties to meet and confer about the scheduling of Mr. Santacruz's deposition, which shall take place the week of July 21, 2025—ideally after the deposition of Mr. Harrington.  Defendants' request for a protective order preventing Mr. Santacruz's deposition is DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2025

CHARLES R. BREYER
United States District Judge

---

[2] To the extent that there is any genuine confusion, the Court's previous order envisioned that the parties would take "one day" per deposition.  See Order Regarding Discovery at 9 (quoting Fed. R. Civ. P. 30(d)(1), which provides that "a deposition is limited to one day of 7 hours" (emphasis added)).  Should any deposition require less than 7 hours, Plaintiffs have offered to, and are expected to, terminate that deposition early.  See Pl. Br. at 5.