| | |
|---|---|
| Rob Bonta<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>THOMAS S. PATTERSON<br>Senior Assistant Attorneys General<br>ANYA M. BINSACCA<br>MARISSA MALOUFF<br>JAMES E. STANLEY<br>Supervising Deputy Attorneys General<br>NICHOLAS ESPÍRITU<br>LUKE FREEDMAN<br>LORRAINE LOPEZ<br>KENDAL MICKLETHWAITE<br>JANE REILLEY<br>MEGAN RICHARDS<br>MEGHAN H. STRONG<br>Deputy Attorneys General<br>  455 Golden Gate Ave.<br>  San Francisco, CA 94102<br>  Telephone: (415) 510-3877<br>  E-mail: Meghan.Strong@doj.ca.gov<br>*Attorneys for Plaintiffs* | BRETT A. SHUMATE<br>Assistant Attorney General<br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br>ALEXANDER K. HAAS<br>Branch Director<br>JEAN LIN<br>Special Litigation Counsel<br>CHRISTOPHER EDELMAN<br>Senior Counsel<br>GARRY D. HARTLIEB<br>BENJAMIN S. KURLAND<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>  1100 L Street, NW<br>  Washington, DC 20005<br>  Telephone: (202) 305-0568<br>  E-mail: garry.hartlieb2@usdoj.gov<br>*Counsel for Defendants* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAVIN NEWSOM,** IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; **STATE OF CALIFORNIA,**<br><br>                Plaintiffs,<br><br>    v.<br><br>**DONALD TRUMP,** IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; **PETE HEGSETH,** IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; **U.S. DEPARTMENT OF DEFENSE,**<br><br>                Defendants. | Case No. 3:25-cv-04870-CRB<br><br>JOINT MOTION FOR A PROTECTIVE ORDER |

The Parties have stipulated to the terms of a proposed Protective Order attached to this motion as Exhibit 1.  The Parties, by their undersigned counsel, accordingly move that the Court enter the proposed order and respectfully request expedited consideration in light of the timeline for discovery deadline and the Preliminary Injunction briefing.  The Court's standing order states, "If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order."  A redline version comparing the stipulated protective order to the model order is attached as Exhibit 2.  These are the material modifications:

1. **Modification:** Addition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and explanation of how such information is handled.  (Paragraphs 2.7, 7.3, 7.4)
    a. **Reason**: The Parties propose this additional level of designation in the event any party deems it necessary to protect especially sensitive materials the disclosure of which would create substantial risk of significant harm to the designating party.  The Parties will use this designation judiciously and consistent with the definition proposed in the Protective Order.
2. **Modification:** Addition of paragraph relating to designation of material that qualifies for protection pertaining specifically to depositions that specifies that deposition transcripts for those depositions conduct on or before July 25, 2025 shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until July 29, 2025 at 5pm PST while those depositions conduct after July 23, 2025 shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for 72 hours following the deposition to permit parties to make necessary designations pursuant to the Protective Order.  (Paragraph 5.2(c).)
    a. **Reason**: Given the compressed timing of discovery and the trial on the merits in this case, the shortening of the time for review was necessary to permit the parties

to use deposition transcripts at trial.  A slightly longer time of review is permitted for those depositions conducted on or before July 25, 2025 because that is further in advance of the trial.

3. **Modification:** Addition of "Use of Protected Material in Depositions" provides that Protected Material used in depositions shall remain subject to, and will not affect its designations under, the Protective Order and provides Counsel for any Producing Party the right to exclude persons (other than the deponent and deponents' counsel) not authorized by the Protective Order to access the Protected Material.  Such right of exclusion shall only be applicable during examination or testimony regarding such Protected Material and Parties shall give other Parties notice if they reasonably expect a deposition to include Protected Material so that the other Parties can ensure that only authorized individuals are present.  (Paragraph 5.4.)

   a. **Reason**: The Parties propose this addition to facilitate use of Protected Material during depositions, as needed, without the risk of waiver of such designation.

4. **Modification:** Protected Material that is elicited through a Public Records Act request is covered by the Protective Order.  (Paragraphs 2.15, 8.)

   a. **Reason**: Plaintiffs often receive Public Records Act requests, including requests that could call for materials that may be covered by the Protective Order.  Plaintiffs propose these additions to make clear how such requests will be handled.

5. **Modification:** Addition of provisions relating to the Privacy Act of 1974, 5 U.S.C. § 552a (Paragraph 12.)

   a. **Reason:** The Parties have added this provision to ensure that the collection and use of personal data by federal agencies is conducted in a manner that respects and protects individual privacy and is consistent with requirements of the Privacy Act, to which federal agencies are subject.  This provision facilitates the production of additional documents with these protections that Defendants would otherwise not be permitted to produce absent a court order or an express waiver

by the individual whose records are being produced.

6. **Modification:** Addition of provision allowing parties to review the witness acknowledgments of other parties. (Paragraph 13.4.)

    a. **Reason:** This provision permits all parties to monitor compliance with provisions of the Protective Order that require certain individuals and entities to sign the "Acknowledgment and Agreement to Be Bound" (Protective Order Exhibit B) such as those in Paragraphs 7.2 and 7.3.

7. **Modification:** Addition of a provision explaining that nothing in the Protective Order shall be construed to limit any party's ability to redact or otherwise withhold material based on applicable privilege. (Paragraph 13.5.)

    a. **Reason:** The Parties added this provision for clarification to ensure that no party's privileged information is disclosed in this litigation.

8. **Modification:** Addition of a provision explaining that nothing in the Protective Order shall be construed to limit any party's protections under Federal Rule of Evidence 502. (Paragraph 13.6.)

    a. **Reason:** Federal Rule of Evidence 502(d) permits the Court to issue an order that prevents the inadvertent disclosure of privileged information during litigation from waiving those privileges. Given the very compressed schedule for the production of materials, the Parties have added this provision to the Protective Order to save their own resources and those of the Court, should the need arise later to protect privileged information in a piecemeal fashion that may be inadvertently disclosed.

[*Signature pages follow.*]

| | | |
|---|---|---|
| 1 | Dated: July 15, 2025 | Respectfully submitted, |
| 2 | | BRETT A. SHUMATE |
| 3 | | Assistant Attorney General<br>Civil Division |
| 4 | | |
| 5 | | ERIC J. HAMILTON<br>Deputy Assistant Attorney General |
| 6 | | Federal Programs Branch<br>(CA Bar No. 296283) |
| 7 | | |
| 8 | | ALEXANDER K. HAAS<br>Director |
| 9 | | Federal Programs Branch<br>(CA Bar No. 220932) |
| 10 | | JEAN LIN (NY Bar No. 4074530) |
| 11 | | Special Litigation Counsel |
| 12 | | |
| 13 | | */s/ Garry D. Hartlieb*<br>CHRISTOPHER D. EDELMAN |
| 14 | | (DC Bar No. 1033486)<br>Senior Counsel |
| 15 | | GARRY D. HARTLIEB<br>(IL Bar No. 6322571) |
| 16 | | BENJAMIN S. KURLAND<br>(DC Bar No. 1617521) |
| 17 | | Trial Attorneys<br>U.S. Department of Justice |
| 18 | | Civil Division, Federal Programs Branch |
| 19 | | 1100 L Street, N.W.<br>Washington, DC 20005 |
| 20 | | Tel.: 202-305-0568<br>Email: garry.hartlieb2@usdoj.gov |
| 21 | | |
| 22 | | *Counsel for Defendants* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| Dated: July 15, 2025 | Respectfully submitted,<br><br>**ROB BONTA**<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>THOMAS S. PATTERSON<br>Senior Assistant Attorneys General<br>ANYA M. BINSACCA<br>MARISSA MALOUFF<br>JAMES E. STANLEY<br>Supervising Deputy Attorneys General<br>NICHOLAS ESPÍRITU<br>BARBARA HORNE-PETERSDORF<br>LORRAINE LOPEZ<br>JANE REILLEY<br>MEGAN RICHARDS<br>MEGHAN H. STRONG<br><br>*/s/ Meghan H. Strong*<br>Meghan H. Strong<br>Deputy Attorney General<br>455 Golden Gate Ave.<br>San Francisco, CA  94102<br>Telephone: (415) 510-3877<br>E-mail:  Meghan.Strong@doj.ca.gov<br><br>*Attorneys for Plaintiffs* |

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*/s/ Garry D. Hartlieb*
GARRY D. HARTLIEB
Trial Attorney
United States Department of Justice