**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LORRAINE LOPEZ
BARBARA HORNE-PETERSDORF
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General
  455 Golden Gate Ave.
  San Francisco, CA  94102
  Telephone: (415) 510-3877
  E-mail:  Meghan.Strong@doj.ca.gov
*Attorneys for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Branch Director
JEAN LIN
Special Litigation Counsel
CHRISTOPHER D. EDELMAN
Senior Counsel
GARRY D. HARTLIEB
BENJAMIN S. KURLAND
JODY D. LOWENSTEIN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
  1100 L Street, NW
  Washington, DC 20005
  Telephone: (202) 305-8659
  E-mail: christopher.edelman@usdoj.gov
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; STATE OF CALIFORNIA,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PETE HEGSETH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF DEFENSE,**<br><br>Defendants. | Case No. 3:25-cv-04870-CRB<br><br>**JOINT RESPONSE TO CONSOLIDATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(a)(2)** |

**JOINT RESPONSE**

On July 9, 2025, the Court ordered, pursuant to Federal Rule of Civil Procedure 65(a)(2), that it would "advance the trial on the merits and consolidate it with the preliminary injunction hearing," which it set for August 11-13, 2025.  ECF No. 109.  Because the Court's order did not provide instructions regarding how that consolidated hearing and trial on the merits should proceed, the parties met and conferred on July 15, 2025, and agreed to submit this joint filing setting forth their respective positions and proposals for further proceedings.

**PLAINTIFFS' STATEMENT**

Plaintiffs propose the following:

- The parties will submit supplemental briefing on Plaintiffs' preliminary injunction motion regarding Plaintiffs' Posse Comitatus Act claim as previously stipulated and ordered by the Court, with such briefing concluding on August 6, 2025.  ECF No. 105.

- On August 11, 2025, the parties will appear for the consolidated preliminary injunction hearing and trial on the merits and give oral argument on Plaintiffs' preliminary injunction motion.  At that hearing, the Parties will not present new evidence or testimony beyond that gathered during expedited discovery (currently set to conclude on July 25, 2025) or exchanged no later than two days before the hearing, unless the Court directs the appearance of a witness.

- The Court may treat Plaintiffs' preliminary injunction motion as a motion for summary judgment and decide the merits of Plaintiffs' Posse Comitatus Act claim on those papers and any evidence presented and argument heard on August 11, 2025.  *See Harris v. Bessent*, 2025 WL 679303, at *3 (D.D.C. Mar. 4, 2025).

- If the Court denies Plaintiffs' motion or finds that there are further factual issues that must be resolved to decide the merits of Plaintiffs' Posse Comitatus Act claim and that those issues cannot be resolved based on the evidence submitted with the parties' preliminary injunction briefing, the parties respectfully request that the Court grant them leave to take additional fact discovery of these issues, beyond the limited, expedited discovery granted by the Court's earlier order.

- To the extent Plaintiffs' Posse Comitatus Act cannot be resolved on the papers, evidence, and argument submitted through August 11, the Court set pre-trial deadlines and a further trial to occur only after additional fact discovery has concluded.

If the Court's expectation for the consolidated preliminary injunction hearing and trial on the merits differs from the above, Plaintiffs respectfully request a status conference at the Court's earliest convenience to discuss the procedure for consolidation and the setting of pre-trial deadlines, if any.  Plaintiffs further note their objection to consolidation under Rule 65(a)(2) to the extent it would prejudice them by requiring them to present their case on the merits without the benefit of full discovery.  *See Hooper v. City of Seattle*, 2020 WL 3100855, at *2 (W.D. Wash. June 11, 2020) ("A district court may convert its ruling on a preliminary injunction motion into a 'final adjudication on the merits . . . so long as the procedures do not result in prejudice to either party.'" (quoting *Glacier Park Found. v. Watt*, 663 F.2d 882, 886 (9th Cir. 1981)). Notwithstanding and without waiving this objection, if the Court plans to treat the August 11, 2025, hearing as a full and final trial on the merits and sets pre-trial deadlines, Plaintiffs respectfully request the Court enter the following pre-trial deadlines:

| | |
|---|---|
| **July 25, 2025:** | The parties will complete document and written discovery. |
| **July 30, 2025:** | To the extent there are any discovery disputes that the parties have been unable to resolve via meet and confer, the parties will submit their respective positions on these disputes in briefs not to exceed 5 pages of substantive text. |
| **July 30, 2025:** | Plaintiffs will file their supplemental preliminary injunction motion, as ordered in ECF No. 105. |
| **July 31, 2025:** | The parties will exchange final witness lists, including a brief description of each witness's testimony. |
| **August 1– August 6, 2025:** | The parties will make their witnesses available for depositions, if those witnesses have not already been deposed. |

2

**August 4, 2025:**     Defendants will file their supplemental preliminary injunction opposition, as ordered in ECF No. 105.

**August 6, 2025:**     Plaintiffs will file their supplemental preliminary injunction reply, as ordered in ECF No. 105.

**August 7, 2025:**     The parties will exchange exhibit lists.

**August 8, 2025:**     The parties will enter into any stipulations as to the admissibility of exhibits and lodge any objections to exhibits.

**August 8, 2025:**     The parties will separately file their witness lists.

**August 8, 2025:**     Motions in limine and objections to witnesses are due.

**August 8, 2025:**     The parties will enter into any stipulations of facts.

**August 9, 2025:**     Responses to any motions in limine and objections to witnesses are due.

**August 11, 2025:**    The parties will jointly file their exhibit list.

**August 11, 2025:**    Trial commences

Plaintiffs also object to Defendants' request that Plaintiffs file a separate statement of their case on July 28. Plaintiffs are already filing supplemental briefing in support of their preliminary injunction motion on July 30, which will set forth their positions and the evidence in support. Defendants' request does little more than move the deadline for Plaintiffs' supplemental brief up by two days. Such a deadline would prejudice Plaintiffs' ability to state their case, which they must already do a mere five days after the conclusion of expedited discovery. And Defendants' claim of prejudice to them absent a separate statement is belied by the fact that Plaintiffs have already stated their position on their PCA claim in the papers they have submitted in this action to date. ECF Nos. 1, 8, 38, 77, 87. Defendants may prepare their defense based on those papers in the interim, and will receive Plaintiffs' full statement of the case based on the evidence they

1  receive through July 25 when Plaintiffs file their supplemental briefing in support of their

2  preliminary injunction motion on July 30.

3  **DEFENDANTS' STATEMENT**

4      Defendants agree with Plaintiffs' proposal to combine their preliminary-injunction motion

5  with summary judgment proceedings, and share the concern about proceeding to trial without

6  sufficient time to conduct discovery and to prepare. Defendants also agree with Plaintiffs that if,

7  after considering the parties' papers, evidence, and oral argument on Plaintiffs' preliminary-

8  injunction motion, the Court finds that there are material factual disputes that are necessary to

9  resolve to decide the merits of Plaintiffs' Posse Comitatus Act claim, then the Court should allow

10 the parties to conduct further discovery and, if appropriate, set this case for trial.

11     However, if the Court intends to hold a trial on the merits beginning on August 11, 2025,

12 Defendants respectfully request that the Court enter the pretrial schedule below, which overlaps in

13 many respects with Plaintiffs' proposed schedule. One significant difference is the time allotted for

14 the parties to depose the other side's witnesses, with Plaintiffs setting aside only four business days

15 for Defendants to depose all of Plaintiffs' witnesses, which could substantially prejudice

16 Defendants' trial preparation depending on the number of witnesses Plaintiffs may plan to call at

17 any trial.  Another significant difference is Defendants' proposal that Plaintiffs provide a brief

18 statement of their case by July 28. The complaint alleges that "violation of the Posse Comitatus Act

19 is imminent, if not already underway." *See* Compl. ¶ 91, ECF No. 1. Without knowing the specifics

20 of Plaintiffs' claim asserted against them, Defendants would be prejudiced in their ability to

21 adequately prepare a defense at trial.

22     **July 25, 2025:**    The parties will exchange final witness lists, including a

23                           brief description of each witness's testimony.

24     **July 25, 2025:**    The parties will complete document and written discovery.

25                           (Same as Plaintiffs' proposal)

26     **July 28, 2025:**    Plaintiffs will file a statement of their case that specifies, at a

27                           minimum, the violation(s) of the Posse Comitatus Act they

28                           intend to prove at trial, the facts they intend to show to prove

4

| | |
|---|---|
| | those violations, and the elements of a Posse Comitatus Act violation. |
| **July 28–August 6, 2025:** | The parties will make their witnesses available for depositions, if those witnesses have not already been deposed. |
| **July 30, 2025:** | Plaintiffs will file their supplemental preliminary injunction motion. *See* ECF No. 105. (Same as Plaintiffs' proposal) |
| **July 31, 2025:** | The parties will exchange exhibit lists. |
| **August 4, 2025:** | Defendants will file their supplemental preliminary injunction opposition. *See* ECF No. 105. (Same as Plaintiffs' proposal) |
| **August 6, 2025:** | Plaintiffs will file their supplemental preliminary injunction reply. *See* ECF No. 105. (Same as Plaintiffs' proposal) |
| **August 7, 2025:** | Motions in limine and objections to witnesses are due. |
| **August 7, 2025:** | The parties will enter into any stipulations of facts. |
| **August 8, 2025:** | The parties will enter into any stipulations as to the admissibility of exhibits and lodge any objections to exhibits. (Same as Plaintiffs' proposal) |
| **August 8, 2025:** | The parties will separately file their witness lists. (Same as Plaintiffs' proposal) |
| **August 9, 2025:** | Responses to any motions in limine and objections to witnesses are due. (Same as Plaintiffs' proposal) |
| **August 11, 2025:** | The parties will jointly file their exhibit list. (Same as Plaintiffs' proposal) |
| **August 11, 2025:** | Trial commences (Same as Plaintiffs' proposal) |

JOINT RESPONSE TO CONSOLIDATION

1    Defendants acknowledge that this proposed pretrial schedule is tremendously condensed,

2    but they respectfully submit that these deadlines will be necessary for both parties to adequately

3    prepare for trial, should the Court wish to proceed to a trial on the merits.

4    As a final matter, Defendants do not believe that a status conference is necessary or would

5    be beneficial at this time. Defendants are working tirelessly to review a voluminous number of

6    documents to produce non-privileged documents responsive to Plaintiffs' discovery requests, as

7    well as preparing to defend the depositions of two government witnesses next week in Los Angeles.

8    Given defense counsels' extremely limited resources, Defendants respectfully ask that the Court

9    provide its instructions for further proceedings based on this joint filing.

10

11    Dated:  July 18, 2025                               Respectfully submitted,

12                                                        ROB BONTA
                                                        Attorney General of California
13                                                        MICHAEL L. NEWMAN
                                                        THOMAS S. PATTERSON
14                                                        Senior Assistant Attorneys General
                                                        ANYA M. BINSACCA
15                                                        MARISSA MALOUFF
                                                        JAMES E. STANLEY
16                                                        Supervising Deputy Attorneys General
                                                        NICHOLAS ESPÍRITU
17                                                        LORRAINE LOPEZ
                                                        BARBARA HORNE-PETERSDORF
18                                                        KENDAL MICKLETHWAITE
                                                        JANE REILLEY
19                                                        MEGAN RICHARDS
                                                        MEGHAN H. STRONG
20
                                                        */s/ Meghan H. Strong*
21
                                                        Deputy Attorney General
22                                                          455 Golden Gate Ave.
                                                          San Francisco, CA  94102
23                                                          Telephone: (415) 510-3877
                                                          E-mail:  Meghan.Strong@doj.ca.gov
24
                                                        *Attorneys for Plaintiffs*
25

26

27

28

1   Dated: July 18, 2025                         Respectfully submitted,

2                                               BRETT A. SHUMATE
3                                               Assistant Attorney General
                                                Civil Division
4
                                                ERIC J. HAMILTON
5                                               Deputy Assistant Attorney General
                                                Federal Programs Branch
6                                               (CA Bar No. 296283)

7                                               ALEXANDER K. HAAS
8                                               Director
                                                Federal Programs Branch
9                                               (CA Bar No. 220932)

10                                              JEAN LIN (NY Bar No. 4074530)
                                                Special Litigation Counsel
11
                                                */s/ Jody D. Lowenstein*
12                                              CHRISTOPHER D. EDELMAN
                                                (DC Bar No. 1033486)
13                                              Senior Counsel
                                                GARRY D. HARTLIEB
14                                              (IL Bar No. 6322571)
                                                BENJAMIN S. KURLAND
15                                              (DC Bar No. 1617521)
                                                JODY D. LOWENSTEIN
16                                              (MT Bar No. 55816869)
                                                Trial Attorneys
17                                              U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
18                                              1100 L Street, N.W.
                                                Washington, DC 20005
19                                              Tel.: 202-305-8659
                                                Email: christopher.edelman@usdoj.gov
20
                                                *Counsel for Defendants*
21

22

23

24

25

26

27

28

7

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

*/s/ Meghan H. Strong*
Meghan H. Strong
*Counsel for Plaintiffs*

JOINT RESPONSE TO CONSOLIDATION