UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEWSOM, et al.,

    Plaintiff,

v.

TRUMP, et al.,

    Defendant.

Case No. 3:25-cv-04870-CRB

**ORDER FOR PRETRIAL PREPARATION FOR CIVIL BENCH TRIAL**

**GUIDELINES FOR CIVIL BENCH TRIALS BEFORE THE HONORABLE CHARLES R. BREYER**

Bench trial set for August 11 at 10:00 a.m. Trial set for 3 days.

I.    FILED DOCUMENTS

1.    Witness Lists: Each party must separately file on **August 8, 2025** a witness list for its case-in-chief witnesses (including those appearing by deposition) providing, for all such witnesses other than an individual plaintiff and an individual defendant, a short statement of the substance of their testimony. For each witness, state an hour/minute time estimate for the direct examination (only).

2.    Motions in Limine: The parties must separately file on **August 8, 2025** their motions in limine, with oppositions due **August 9, 2025**. Each motion should be filed as a separate document and numbered—for example, "Plaintiff's Motion in Limine No. 1 to Exclude … " For bench trials, motions in limine are rarely needed or useful.

3.    Proposed Findings of Fact and Conclusions of Law: The parties must separately file on **August 9, 2025** their proposed findings of fact and conclusions of law on all material issues. The Court requests that the parties hyperlink each proposed Finding of Fact to any supporting evidence. Proposed Findings shall be brief, written in plain English, and free of pejorative language, conclusions, and argument. Parties shall deliver copies of their proposed

findings of fact and conclusions of law in Word format to Chambers at crbpo@cand.uscourts.gov, with the subject line of the email including the name of the case, the case number, and the nature of the submission.

4.  Exhibit List: The parties must file on **August 11, 2025** before the start of trial a joint exhibit list in numerical order, including (i) a brief description of the exhibit, (ii) a column for when it is offered in evidence, (iii) a column for when it is received in evidence, and (iv) a column for any limitations on its use.

## II. PRETRIAL ARRANGEMENTS

1.  Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with the Supervisor of Court Reporting Services by email at Transcripts@cand.uscourts.gov at least ten calendar days prior to the trial date.

2.  The Courtroom is set up with equipment that allows evidence presentation. If additional equipment is necessary, the United States Marshal requires a court order to allow equipment into the courthouse. Please work with Lashanda Scott 415-522-2062 on courtroom-layout issues.

## III. SCHEDULING

Trial will commence at 10:00 a.m. and go until 4:00 p.m. with two fifteen-minute breaks and between thirty minutes and one hour for lunch. Counsel must be present at least fifteen minutes prior to trial commencing.

## IV. OPENING STATEMENTS

Counsel must cooperate and meet and confer to exchange any visuals, graphics or exhibits to be used in the opening statements, allowing for time to work out objections and any reasonable revisions.

## V. WITNESSES

1.  A witness not included in the pre-trial list may not be used without good cause. This rule does not apply to true rebuttal witnesses (other than experts). Defense witnesses are

normally case-in-chief witnesses, not "rebuttal" witnesses.

2. Communication with opposing party. Throughout the trial, all counsel are entitled to know a firm order of witnesses for the next full court day and the exhibits that will be used on direct examination (other than for impeachment of an adverse witness). All other counsel shall provide any objections to such exhibits and shall provide a list of all exhibits to be used with the same witness on cross-examination (other than for impeachment). This requires that the first such notice be provided before trial actually begins.

3. Counsel must always have their next witness ready and in the courthouse. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

4. On the first day of trial, be sure to bring the original and clean copies of any deposition(s) for which you are responsible. Any corrections must be readily available. If you are likely to need to use the deposition during a witness examination, then give the Court and the witness a copy with any corrections at the outset of the examination.

VI. DEPOSITION DESIGNATION

The following procedure applies only to witnesses who appear by deposition. It does not apply to live witnesses whose depositions are read in while they are on the stand. The following steps should be followed:

1. Deposition testimony should be provided to all other parties by **August 8, 2025**.

2. To designate deposition testimony, photocopy the cover page, the page on which the witness is sworn, and each page from which any testimony is proffered, crossing out any portions of such pages not proffered, as well as objections or colloquy (unless needed to understand the question). Please make sure any corrections are interlineated and that references to exhibit numbers conform to the trial numbers.

3. All other parties must then promptly review and return the packet, highlighting in yellow any passages objected to, and in blue additional passages as needed to cure the

3

completeness objection. Please cross out any irrelevant portions of any additional pages. A completeness objection should normally be made only if a few extra lines will cure the problem. The parties must provide brief explanations for any additions or deletions. They must also return any counter designations at the same time.

4. The parties must meet and confer as reasonable. Counsel for the proffering party must then assemble a final packet, including objections and responses to objections, and provide it to the Court before the start of trial on **August 11, 2025**. Ordinarily, argument will not be needed.

5. When the packet is read, the examiner reads the questions (and any relevant colloquy) from the lectern and a colleague sits in the witness stand and reads the answers. When a video-taped deposition is to be played instead, the packets must still be prepared, as above, in order to facilitate rulings on objections. The video should omit any dead time, long pauses, and objections/colloquy not necessary to understand the answers.

VII.  REQUESTS FOR ADMISSIONS AND INTERROGATORIES

Please designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as depositions.

VIII.  EXHIBITS

1. Prior to the final pretrial conference, counsel must meet and confer in person over all exhibit numbers and objections and to weed out duplicate exhibits. Please be reasonable.

2. Use numbers only, not letters, for exhibits, preferably the same numbers as were used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g., Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant should not re-mark it. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. __," not as "Plaintiff's Exhibit" or "Defendant's Exhibit." If an exhibit number differs from that used in a deposition

transcript, however, then the latter must be conformed to the new trial number if and when the deposition testimony is used (so as to avoid confusion over exhibit numbers).

3. Bench copy: Deposit your exhibits with the deputy clerk (Lashanda Scott) on the first day of trial. A bench binder containing a copy of each side's exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a label divider. Please use 1-1/2-inch binders with locking rings. (Heavier binders are too hard to handle.)

4. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

5. At the close of evidence, counsel shall jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description (e.g., letter from A. B. Case to D. E. Frank, dated August 17,1999).

6. Exhibits offered and admitted during trial shall be filed on the docket within ten days of a trial verdict pursuant to Civil Local Rule 5-1 (g). The parties shall file through the CM/ECF event "Admitted Exhibits" those exhibits admitted for review by the trier of fact. These exhibits shall be accompanied by a Joint Certification of Counsel that the exhibits are true and correct copies of the exhibits submitted to the trier of fact in the matter.

IX. OBJECTIONS

Counsel shall stand when making objections. State the legal basis only. Speak up promptly.

There can only be one lawyer per witness per party for all purposes, including objections.

X. SETTLEMENTS AND CONTINUANCES

Shortly before trial or a final pretrial conference, counsel occasionally wish jointly to advise the clerk that a settlement has been reached and seek to take the setting off calendar but it turns out later that there was only a settlement "in principle" and disputes remain. Cases, however, cannot be taken off calendar in this manner. Unless and until a stipulated dismissal or

judgment is filed or placed on the record, all parties must be prepared to proceed with the final pretrial conference as scheduled and to proceed to trial on the trial date, on pain of dismissal of the case for lack of prosecution or default judgment. Only an advance continuance expressly approved by the Court will release counsel and the parties from their obligation to proceed. If counsel expect that a settlement will be final by the time of trial or the final pretrial conference, they should notify the Court immediately in writing or, if it occurs over the weekend before the trial or conference, by voice mail to the deputy courtroom clerk. The Court will attempt to confer with counsel as promptly as circumstances permit to determine if a continuance will be in order. Pending such a conference, however, counsel must prepare and make all filings and be prepared to proceed with the trial.

XI.   CHANGE OF TRIAL DATE

Because of scheduling conflicts with other cases on the docket, the Court retains the discretion to change the trial date, either by way of advancement or continuance. In the event the trial date is changed, the parties may seek adjustment of the time limits for compliance with the requirements of this order, which shall be effective only upon Court approval.

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
CHARLES R. BREYER
United States District Judge