BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
GARRY D. HARTLIEB (IL Bar No. 6322571)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0538
E-mail: garry.hartlieb2@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-04870-CRB<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION OBJECTING TO REMOTE PUBLIC ACCESS TO PROCEEDINGS** |

Pursuant to Northern District of California Local Civil Rules 7-11 and 77-3, Defendants respectfully object to permitting remote public access during the trial proceedings. Local Rule 77-3(b)(1) permits a court to prohibit remote public access "where doing so would risk interfering with the integrity of the proceedings." "This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony." *Id.*

Those conditions are present here. Yesterday, the parties exchanged final witness lists. The parties expect the Court will hear testimony from the three individuals who have given deposition testimony, which includes two Department of Defense officials and one official from the Department of Homeland Security Immigration and Customs Enforcement's Enforcement and Removal Operations. It is undisputed that agitators have used social media and the Internet to coordinate attacks against DHS ICE ERO personnel. *See, e.g., DHS Announces ICE Law Enforcement are Now Facing an 830 Percent Increase in Assaults*, DEPARTMENT OF HOMELAND SECURITY, https://www.dhs.gov/news/2025/07/15/dhs-announces-ice-law-enforcement-are-now-facing-830-percent-increase-assaults (July 15, 2015); ECF No. 84-1 (June 18 Santacruz Declaration) at ¶ 6 (discussing the violence against National Guard members and law enforcement). And doxxing—the posting of private or identifying information about a particular individual online with malicious intent—has been another significant safety concern. *See, e.g.*, ECF No. 22-1 (June 11 Santacruz Declaration) at ¶ 33 (discussing the "significant instances of demonstrators posting the location, images, and family information of federal law enforcement employees online in an attempt to dox, threaten and obstruct"). Providing remote public access to the trial creates safety concerns for the witnesses and attorneys appearing at trial. At a minimum, Defendants respectfully request that this Court prohibit remote public access during witness testimony.

Good cause exists for the Court to consider this objection. *See* Local Rule 77-3(c) (requiring objections or requests to be submitted within fourteen days of the proceedings absent good cause). The parties confirmed for the first time today, August 8, 2025, that they would call two Department of Defense and one Department of Homeland Security officials as witnesses.

Defendants have conferred with Plaintiffs, who take no position on this motion. Plaintiffs requested that Defendants include the following statement of Plaintiffs in this filing: Plaintiffs did not affirmatively seek a broadcast and so do not take a position on Defendants' motion and defer to the Court's discretion. We note that this is an exceptionally high-profile case of great interest to the public, which ordinarily weighs in favor of allowing public remote access, and that Defendants' motion is untimely as the Court provided notice more than two weeks ago of the planned broadcast and the witnesses being called at trial are not unexpected. Plaintiffs are not in a position to evaluate the assertion of risks faced by the witnesses because those threats are not detailed in the motion. But Plaintiffs note that because the courtroom will be open and the witnesses' names and words will be reported by media, any risk could come only from their images being broadcast publicly, and the Court could address any such risk by not showing the witnesses on camera, so that they would be heard but not seen on the broadcast.

\* \* \*

Dated: August 8, 2025                     Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch
(CA Bar No. 296283)

ALEXANDER K. HAAS
(CA Bar No. 220932)
Director, Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch

*/s/ Garry D. Hartlieb*
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel

GARRY D. HARTLIEB
(IL Bar No. 6322571)
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
JODY D. LOWENSTEIN
(MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-0568
Email: garry.hartlieb2@usdoj.gov

*Counsel for Defendants*