BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
GARRY D. HARTLIEB (IL Bar No. 6322571)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0538
E-mail: garry.hartlieb2@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-04870-CRB<br><br>**DECLARATION OF GARRY D. HARTLIEB IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION OBJECTING TO REMOTE PUBLIC ACCESS TO PROCEEDINGS** |

I, Garry D. Hartlieb, declare, pursuant to 28 U.S.C. § 1746 and Local Rule 7-5, as follows:

1. I am a member in good standing of the Bar of the Illinois. I am authorized to practice in this Court under Local Rule 11-2. I represent the Defendants in this action.

2. On July 23, 2025, this Court entered an order stating that "[t]he bench trial scheduled for August 11-13, 2025 will be accessible to members of the public via Zoom pursuant to Civil Local Rule 77-3." ECF No. 118.

3. Northern District of California Local Civil Rule 77-3(b)(1) permits parties to object to remote public access "where doing so would risk interfering with the integrity of the proceedings." "This includes, but is not limited to, situations where remote public access would risk infringing on privacy interests, creating safety concerns, or materially affecting witness testimony." *Id.*

4. For the reasons stated in their motion, Defendants respectfully object to remote public access during the trial proceedings.

5. On August 8, 2025, Counsel for Defendants contacted Counsel for Plaintiffs to inquire whether Plaintiffs would consent to Defendants' motion objecting to remote public access to proceedings. Counsel for Plaintiffs responded that: "Plaintiffs did not affirmatively seek a broadcast and so do not take a position on Defendants' motion and defer to the Court's discretion. We note that this is an exceptionally high-profile case of great interest to the public, which ordinarily weighs in favor of allowing public remote access, and that Defendants' motion is untimely as the Court provided notice more than two weeks ago of the planned broadcast and the witnesses being called at trial are not unexpected. Plaintiffs are not in a position to evaluate the assertion of risks faced by the witnesses because those threats are not detailed in the motion. But Plaintiffs note that because the courtroom will be open and the witnesses' names and words will be reported by media, any risk could come only from their images being broadcast publicly, and the Court could address any such risk by not showing the witnesses on camera, so that they would be heard but not seen on the broadcast."

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2025

                                                   */s/ Garry D. Hartlieb*
                                                   Garry D. Hartlieb