BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
JOHN BAILEY (OH Bar No. 104260)
Counsel to the Assistant Attorney General
GARRY D. HARTLIEB (IL Bar No. 6322571)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*,<br><br>*Defendants*. | Case No. 3:25-cv-04870-CRB<br><br>**DECLARATION OF JOHN BAILEY IN SUPPORT OF DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO MAINTAIN DOCUMENTS UNDER SEAL AND FOR RELATED RELIEF.** |

I, John Bailey, declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of Ohio. I am a Counsel to the Assistant Attorney General in the United States Department of Justice, Civil Division, and an attorney of record for Defendants in this action. I am authorized to practice in this Court under Local Rule 11-2. I make this declaration pursuant to Civil L.R. 79-5 in support of Defendants' Administrative Motion to Maintain Documents Under Seal and For Related Relief.

2. I am over the age of 18. The facts set forth in this declaration are within my personal knowledge or based upon documents and information I have received in the course of this litigation.

3. Defendants respectfully request an order directing that the portions of the exhibits discussed below will be maintained under seal or with redactions during and following the trial:

- **Exhibit 1:** A document that Defendants produced in this matter as DEFS_00000012–14.
- **Exhibit 2:** A document that Defendants produced in this matter as DEFS_00000021–26.
- **Exhibit 3**: A document that Defendants produced in this matter as DEFS_00001057–71.
- **Exhibit 4**: A document that Defendants produced in this matter as DEFS_00001180–95.
- **Exhibit 5**: A document that Defendants produced in this matter as DEFS_00001212–14.
- **Exhibit 6**: A document that Defendants produced in this matter as DEFS_0002342–99.
- **Exhibit 7**: A document that Defendants produced in this matter as DEFS_00002468–75.
- **Exhibit 8**: A document that Defendants produced in this matter as DEFS_00002531–50.

- **Exhibit 9**: A document that Defendants produced in this matter as DEFS_00002566–72.
- **Exhibit 10**: A document that Defendants produced in this matter as DEFS_00002553–56.
- **Exhibit 11**: A document that Defendants produced in this matter as DEFS_00002611–21.
- **Exhibit 12**: A document that Defendants produced in this matter as DEFS_00002661.
- **Exhibit 13**: A document that Defendants produced in this matter as DEFS_00002693–701.
- **Exhibit 14**: A document that Defendants produced in this matter as DEFS_00002801–02.
- **Exhibit 15**: A document that Defendants produced in this matter as DEFS_00002830–33.
- **Exhibit 16**: A document that Defendants produced in this matter as DEFS_00002837–38.
- **Exhibit 17**: A document that Defendants produced in this matter as DEFS_00002841–43.
- **Exhibit 18**: A document that Defendants produced in this matter as DEFS_00002872–95.
- **Exhibit 19**: A document that Defendants produced in this matter as DEFS_00002961–65.
- **Exhibit 20**: A document that Defendants produced in this matter as DEFS_00003009–11.
- **Exhibit 21**: A document that Defendants produced in this matter as DEFS_0003509–22.
- **Exhibit 22**: A document that Defendants produced in this matter as DEFS_0003580–607.

- **Exhibit 23**: A document that Defendants produced in this matter as DEFS_00003851.
- **Exhibit 24**: A document that Defendants produced in this matter as DEFS_00004191.
- **Exhibit 25**: A document that Defendants produced in this matter as DEFS_00004422–31.
- **Exhibit 26**: A document that Defendants produced in this matter as DEFS_00005932–34.
- **Exhibit 27**: A document that Defendants produced in this matter as DEFS_00006271.
- **Exhibit 28**: A document that Defendants produced in this matter as DEFS_00007307–11.
- **Exhibit 29**: A document that Defendants produced in this matter as DEFS_00008251–55.
- **Exhibit 30**: A document that Defendants produced in this matter as DEFS_000016881–83.
- **Exhibit 31**: A document that Defendants produced in this matter as DEFS_00017668–72.
- **Exhibit 32**: A document that Defendants produced in this matter as DEFS_00017903–05.
- **Exhibit 33**: A document that Defendants produced in this matter as DEFS_00018000–01.
- **Exhibit 34**: A document that Defendants produced in this matter as DEFS_00018009–86.
- **Exhibit 35**: A document that Defendants produced in this matter as DEFS_00018345–50.

4. Exhibits 1–10, 12–17, 20, and 22–35 contain redactions of the names and contact information of Department of Defense (DoD) personnel in the grade of O6 or below, or federal employees in the General Schedule grade of GS-15 or below. The name of plaintiffs' designated witness William Harrington has not been redacted.

5. As is apparent by the very nature of this lawsuit, the military deployment in California has been subject to significant public scrutiny. And as discussed in the Declaration of DHS, Enforcement and Removal Operations Field Office Director Ernesto Santacruz, Jr., the location, images, and family information of federal law enforcement employees have been posted online to dox and threaten them personally and to obstruct their operations. *See* ECF No. 22-1 ¶ 33. Were the names of the Guardsmen, Marines, and other federal employees involved in the federal protection mission to be released online, each could face a similar risk of public threats and being doxed. The public disclosure of the identities of the individuals involved in the email threads and the nature of the discussions could subject the individuals involved to annoyance and potentially even threats of violence against themselves and their families, and, at a minimum, chill future government deliberations about such topics. The Court should permit the redacted personally identifiable information to be maintained under seal because sealing such information will not hinder the public's understanding of the issues in this case.

6. Exhibits 3, 4, 7, 13, 15, 22, and 23 contain redactions of information related to DoD armament posture, which has been designated as controlled unclassified information (CUI).

7. CUI is governed by Executive Order 13556 (Nov. 4, 2010), which directed the creation of uniform policy for the handling of CUI, including sensitive information such as information that involves privacy (including personally identifiable information), security, proprietary business interests, and law enforcement investigations. The implementing regulation, 32 C.F.R. § 2002.04(h), defines CUI as "information the Government creates or possesses … that a law, regulation, or Government-wide policy requires or permits an agency to handle using safeguarding or dissemination controls." The regulation at § 2002 and individual agency policy provides the process for reviewing CUI to decontrol it before it can be provided to previously restricted entities or individuals or the public. In this case, DoD and other agencies have conducted a review and

determined that the vast majority of the CUI material in the documents marked as exhibits may be decontrolled. However, a small subset of the material was deemed too sensitive to be decontrolled at this time for reasons including those outlined below, necessitating a motion to seal that information.

8. There are compelling reasons to maintain the redacted portions of Exhibits 3, 4, 7, 13, 15, 22, and 23 under seal. Revealing the specific details of troop armament posture, such as the readiness levels of certain weapon systems, would allow hostile actors to target DoD personnel with greater precision. If hostile actors know the troops' exact state of readiness—whether weapons are fully operational, in maintenance, or in a low-alert state—they could exploit this information to plan an attack when military personnel are most vulnerable to an attack. In addition, the armament posture is a type of readiness consideration that will be applied to future operations. Revealing the armament posture factors, considerations, and decisions here would undermine future operations. Conversely, revealing such information would have no positive impact on the general public's understanding of the issues in this case, which is purely focused on the question of whether DoD personnel violated the Posse Comitatus Act. Armament posture does not have a part in the determination of this question.

9. Exhibit 11 is a detailed checklist for federal law enforcement agencies requesting certain types of DoD assistance. This document should be maintained under seal entirely because its disclosure would expose details about the method and means of planning sensitive law enforcement operations. Indeed, this document contains details about how the interagency collaborative process of requesting, planning, and executing such missions occurs. Having consulted with DHS, FBI, and DoD officials, I attest that the disclosure of such information could compromise future operations, which would also utilize such a process to conduct sensitive law enforcement operations. Again, the planning process is not relevant to the question at hand.

10. Exhibit 17 is an email chain regarding planning for the MacArthur Park operation. Redactions have been applied to portions of the email that have been designated as CUI and describe operational gaps. The redacted information is considered sensitive law enforcement information because it has the potential to undermine both the effectiveness and safety of personnel

involved in future operations. Disclosing such information could hinder future operations by revealing specific vulnerabilities in law enforcement operations, such as areas where resources are insufficient, or where there are logistical or information gaps. The details of these operational vulnerabilities have no bearing on the issues in this case and are irrelevant for the public's understanding of this case.

11. Exhibit 21 is a slide deck regarding the federal protection mission in Capinteria, California. Redactions have been applied to a single slide which describes contingency plans for certain potential threat scenarios; this information has been designated as CUI and could not be decontrolled. Contingency plans are designed with the expectation of a quick and effective response. If such plans are publicly disclosed, hostile actors can prepare to counteract the planned contingency responses, making law enforcement actions less effective and undermining operational safety. On the other hand, this information will have no impact on the public's understanding of the issues in this case.

12. Exhibits 18 and 19 are slide decks regarding planning for the federal protection mission at MacArthur Park. Redactions have been applied to a couple of slides containing aerial images of the operation site which depict planned personnel locations and protest contingency zones. These images provide detailed, strategic insights into the operational layout and response tactics, the disclosure of which would compromise the success of future operations, the safety of law enforcement personnel, and the security of the public. By contrast, the disclosure of these images will not enhance the public's understanding of the issues in this case. Exhibit 18 also contains a slide which describes contingency plans for certain threat situations, which has been redacted for the reasons explained in paragraph 11.

13. Exhibit 34 is a legal brief regarding the standing rules for the use of force prepared for Operation Border Support. The brief contains 32 example or hypothetical threat scenarios ("vignettes") and suggested troop responses. Of the 32, only four model responses have been redacted (at DEFS_00018147, 49, 57, and 59). These particular responses contain very specific tactics, techniques, and procedures which, if publicly disclosed, would be exploited by hostile actors in future engagements unrelated to this particular mission. The disclosure of this

information, however, would not assist the public in understanding the issues in this case. In addition, a slide has been redacted that contains information related to DoD armament posture (at DEFS_00018037). This information should be maintained under seal for the reasons described in paragraph 8.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 10, 2025 at San Francisco, California.

*/s/ John Bailey*
John Bailey