BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
JOHN BAILEY (OH Bar No. 104260)
Counsel to the Assistant Attorney General
GARRY D. HARTLIEB (IL Bar No. 6322571)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
JODY D. LOWENSTEIN (MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States of America, *et al.*, <br><br> *Defendants*. | Case No. 3:25-cv-04870-CRB <br><br> **DEFENDANTS' UNOPPOSED MOTION TO MAINTAIN DOCUMENTS UNDER SEAL AND FOR RELATED RELIEF** |

Late on the evening of August 7, 2025, four days before the beginning of the trial in this matter, the parties exchanged exhibit lists for the upcoming trial, which included news articles and other items that were not produced through discovery. Plaintiffs designated approximately 39 exhibits which were produced by Defendants, approximately 35 of which have been designated "confidential" or "highly confidential" by Defendants pursuant to the Stipulated Protective Order entered by the Court in this case on July 15, 2025. ECF No. 114. That Protective Order, however, does not apply during trial and the Protective Order requires a separate agreement or order governing use of Protected Material at trial. *Id.* at 5.

Defendants thus respectfully request that the Court enter an order: (1) directing that the exhibits discussed below and identified in the Declaration of John Bailey accompanying this motion be maintained under redaction or seal during and following the trial; and (2) amending its orders governing the upcoming trial, *see* ECF Nos. 117-118, to provide the following: in the event that at trial there is any discussion or display of the redacted or sealed information in these documents, the Court will go into closed session (*i.e.*, the courtroom will be restricted to counsel of record and court personnel; any transcript of those portions of the proceedings will be maintained under seal; and the public audio access will be terminated during the pendency of any such discussions).

As to (2), these measures will have little if any effect on the upcoming trial since, as discussed below, Defendants seek to maintain under seal only one document in full which may or may not even be discussed.  And Defendants seek to maintain redactions for only limited portions of the remaining documents. Defendants' proposed redactions fall into one of two categories: personally identifiable information (PII) and controlled unclassified information (CUI).  For the majority of documents, Defendants seek to redact only PII, and there is no reason to think this PII will be the subject of discussion at trial or relevant to the public's understanding of the issues in this case.

The remaining portions that Defendants seek to maintain under seal contain CUI that the government cannot decontrol.  CUI is governed by Executive Order 13556 (Nov. 4, 2010), which directed the creation of uniform policy for the handling of CUI, including sensitive information

such as information that involves privacy (including PII), security, proprietary business interests, and law enforcement investigations. The implementing regulation, 32 C.F.R. § 2002.04(h), defines CUI as "information the Government creates or possesses … that a law, regulation, or Government-wide policy requires or permits an agency to handle using safeguarding or dissemination controls."

The regulation at § 2002 and agency policy provides the process for reviewing CUI to decontrol it before it can be provided to previously restricted entities or individuals or the public. In this case, DoD and other agencies have conducted an expedited review of the material designated for use at trial and determined that the vast majority of the CUI material in the documents marked as exhibits may be decontrolled. However, a small subset of the material was deemed too sensitive to be decontrolled at this time for reasons including those outlined below, necessitating a motion to seal that information.

Consistent with Local Rule 79-5(a), Defendants have devoted substantial efforts to "minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents." As discussed further in the Declaration of John Bailey accompanying this motion, Defendants have determined that four documents previously designated for protection can be filed publicly with no redactions.

Of the remaining 35 documents designated "confidential" or "highly confidential," Defendants are seeking to maintain under seal only one document in full (Exhibit 11). That document, a detailed checklist for federal law enforcement agencies requesting certain types of DoD assistance, would expose details about the methods and means of planning operations that could compromise future operations. Bailey Decl. ¶ 9. There are thus "compelling reasons" to protect this document from public disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see, e.g.*, *In re U.S. Dep't of Just. Motion to Compel Facebook to Provide Tech. Assistance in Sealed Case*, 357 F. Supp. 3d 1041, 1044 (E.D. Cal. 2019), *aff'd sub nom. United States Dep't of Just. v. Am. C.L. Union Found.*, 812 F. App'x 722 (9th Cir. 2020) (sealed court ruling not subject to disclosure because, among other reasons, if wiretap techniques were disclosed publicly, it would "compromise law enforcement efforts in many, if not all, future

wiretap investigations."). Having consulted with DHS, FBI, and DoD officials, the disclosure of such information could compromise future operations, which would also utilize such a process. And this document is not relevant to the public's understanding of this case. Bailey Decl. ¶ 9.

As to the remaining 34 documents, in 22 of those documents, Defendants seek to withhold PII only, such as names and email addresses of low-level governmental employees. That information is irrelevant to any issue that may come up at trial. Courts routinely decline to require disclosure of such information. *Pomares v. Dep't of Veterans Affairs*, 113 F.4th 870, 885 (9th Cir. 2024) ("[E]mail addresses may add to the risk of privacy invasion with little additional benefit to the public interest."); *Davidson v. United States Dep't of State*, 206 F. Supp. 3d 178, 200 (D.D.C. 2016) ( "no public interest" in knowing "the names and contact information" of State Department employees since it would reveal "little or nothing more about the Department's conduct"); *Kearns v. FAA*, 312 F. Supp. 3d 97, 112 (D.D.C. 2018) (public's interest in disclosing "the names, other identifying information, and personal data" of third parties involved in internal investigations was "nil" because it would not "shed light on the [agency's] performance of its statutory duties"); *Al Otro Lado, Inc. v. Wolf*, No. 17-CV-02366-BAS-KSC, 2020 WL 4551687, at *12 (S.D. Cal. Aug. 6, 2020) (granting motion to seal document redacting Customs and Border Patrol employees' phone numbers and email addresses). The Court should do the same here.

Finally, in the remaining 12 documents (Exhibits 3, 4, 7, 13, 15, 17–19, 21, 22, 25, 34), Defendants seek to redact limited portions of those documents containing PII and law enforcement sensitive information.[1] The compelling reasons justifying the redactions in each of those documents are set forth in the attached Bailey Declaration.

Accordingly, pursuant to Local Civil Rules 79-5(d), Defendants hereby respectfully request that the above-described exhibits listed in the Bailey Declaration be maintained under seal

---

[1] To facilitate the Court's review of Defendants' proposed content redactions, Defendants have highlighted the portions of each document that Defendants' have requested to maintain under seal. Due to time constraints, Defendants have not separately highlighted each mention of PII.

or with redactions, and that the Court grant the related relief described above.[2]  A proposed order is attached.

Defendants consulted with counsel for California regarding this motion.  California states that they take no position on this motion and do not intend to file an opposition; California has thus authorized Defendants to caption this motion as unopposed.

Dated: August 10, 2025                                  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch
(CA Bar No. 296283)

ALEXANDER K. HAAS
(CA Bar No. 220932)
Director, Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch

*/s/ John Bailey*
JOHN BAILEY
Counsel to the Assistant Attorney General
(OH Bar No. 104260)
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)

---

[2] The Government previously moved to seal Exhibits 3, 4, 7, 8, 26, and 29 in their entirety in connection with Plaintiffs' supplemental preliminary injunction motion.  *See* ECF Nos. 132, 133.  If the Court denies that motion, the Government respectfully requests that the Court not unseal those documents in full but allow them to be filed with the redactions proposed here.

3:25-cv-04870-CRB Defendants' Motion to Maintain Documents Under Seal and For Related Relief

Senior Counsel
GARRY D. HARTLIEB
(IL Bar No. 6322571)
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
JODY D. LOWENSTEIN
(MT Bar No. 55816869)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: 202-213-2263
Email: John.Bailey@usdoj.gov

*Counsel for Defendants*