**Rob Bonta**
Attorney General of California
Michael L. Newman
Thomas S. Patterson
Senior Assistant Attorneys General
Anya M. Binsacca
Marissa Malouff
James E. Stanley
Supervising Deputy Attorneys General
Nicholas Espíritu
Luke Freedman
Barbara Horne-Petersdorf
Lorraine Lopez
Kendal Micklethwaite
Jane Reilley
Megan Richards
Meghan H. Strong
Brendan Hamme
Deputy Attorneys General
 300 S. Spring St.
 Los Angeles, CA 90013
 Telephone: (213) 269-6598
 E-mail: Brendan.Hamme@doj.ca.gov
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; STATE OF CALIFORNIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PETE HEGSETH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF DEFENSE,**<br><br>Defendants. | NO. 3:25-cv-04870-CRB<br><br>**DECLARATION OF BRENDAN HAMME IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN TIME ON PLAINTIFFS' SEPTEMBER 2, 2025 MOTION FOR PRELIMINARY INJUNCTION** |

I, Brendan Hamme, declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of California, admitted to the bar of this Court, and a Deputy Attorney General in the Office of the Attorney General, California Department of Justice. The Attorney General is counsel to Plaintiffs Governor Gavin Newsom and the State of California. I make this declaration, as required by Local Rule 6-2, in support of Plaintiffs' Motion to Shorten Time on Plaintiffs' September 2, 2025 Motion for Preliminary Injunction.

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

3. On September 2, 2025, Plaintiffs moved for a preliminary injunction to enjoin Defendants from implementing an August 5, 2025 order federalizing and deploying 300 members of California's National Guard for ninety days ("PI Motion"). As explained in the PI Motion, Plaintiffs assert that Defendants' August 5, 2025 order is unlawful because Defendants lack the factual predicates to federalize the California National Guard pursuant to 10 U.S.C. § 12406. *Id*. at 8-13. Specifically, Plaintiffs assert that there exists no invasion, rebellion, or inability to execute the laws that would justify wresting control of California National Guard troops from the Governor. *Id*.

4. The PI Motion is currently set for hearing on October 10, 2025, which was the first hearing date available listed on the Court's webpage.

5. Plaintiffs seek to shorten the time for the briefing of, and hearing on, the PI Motion because irreparable harm to Plaintiffs will occur if the PI Motion is not heard until October 10, 2025. As explained in the PI Motion, Defendants' actions irreparably harm Plaintiffs' sovereign rights as a State and commander in chief of the California National Guard. *Id*. at 14. Defendants' federalization and deployment of troops interferes with the constitutional balance of power between the federal and state governments, escalates tensions in California communities, chills California's economy, and harms troop morale. Each day, this harm continues.

6.     Even more, the federalized National Guard poses an imminent risk of irreparable harm to Plaintiffs' interests in protecting the right of California residents to vote freely in the upcoming Statewide Special Election on November 4, 2025.  Ex. 10 to PI Mot.  Indeed, ballot drop-off locations will open on October 7, 2025, and the ongoing deployment threatens to chill the fundamental right to vote.  If the hearing on the PI Motion is not expedited, Plaintiffs will continue to suffer substantial—indeed, irreparable—harm.

7.     The parties met and conferred about stipulating to the expedited briefing schedule and hearing on the PI Motion by e-mail on August 29, 2025.  Defense counsel opposed expediting the briefing schedule because he did not agree that there is urgency requiring an expedited schedule.

8.     On September 2, 2025, Defense counsel provided the following statement in opposition to the instant motion: "Defendants oppose the request for expedition, which would cut Defendants' response time in half. Plaintiffs have delayed in filing their motion, taking four weeks to prepare their brief challenging the August 5 order and would leave Defendants with only one week to respond to a motion that exceeds the default page limits. The default timing rules for a response to a motion for a preliminary injunction should apply."

9.     The only other time modifications in this case were the stipulated extensions of time for expedited discovery and Defendants' response to the Complaint.  ECF Nos. 105, 144.

10.    The requested modification of time will not affect the schedule for the remainder of the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 2, 2025 at Los Angeles, California.

                                          /s/ Brendan Hamme
                                          Brendan Hamme