BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER EDELMAN (DC Bar No. 1033486)
Senior Counsel
GARRY D. HARTLIEB (IL Bar No. 6322571)
BENJAMIN S. KURLAND (DC Bar No. 1617521)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 598-7755
ben.kurland@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America, et al.,<br><br>*Defendants*. | Case No. 3:25-cv-04870-CRB<br><br>**DEFENDANTS' RESPONSE BRIEF REGARDING JURISDICTION** |

On September 2, 2025, Plaintiffs moved for a preliminary injunction to: (1) enjoin the continued service of approximately 300 members of the California National Guard; and (2) return control of the California National Guard to Governor Newsom. ECF No. 183 (Mot.) at 19. This Court has directed Defendants to address whether it has jurisdiction over this latest motion "even though the Ninth Circuit has before it Defendants' appeal of this Court's June 12, 2025 order." ECF No. 188 at 1. It does not. The pending appeal divests the Court of jurisdiction over this motion because the motion seeks relief identical to the order on appeal to the Ninth Circuit, and presents overlapping (if not identical) issues and arguments.

**1.** "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). That principle divests the Court of jurisdiction over the pending motion. For starters, Plaintiffs' current motion seeks relief squarely on the grounds that the continuation of the federalization and deployment is unauthorized by Section 12406. Mot. at 1. The relief Plaintiffs seek is also functionally identical to the since-stayed relief currently on appeal. *Compare* Mot. at 19 (seeking injunction enjoining continued deployment "and returning control of the California National Guard to Governor Newsom"), *with* ECF No. 64 at 35 (Court's June 12 Order enjoining Defendants "from deploying members of the California National Guard in Los Angeles" and directing them "to return control of the California National Guard to Governor Newsom"). This is in stark contrast with Plaintiffs' Posse Comitatus Act claim, which the Court's June 12 Order did not address; and this Court's September 2 permanent injunction on that claim is nothing like the relief previously granted by this Court and pending in the Ninth Circuit. ECF Nos. 176, 182.[1] Here, Plaintiffs seek in substance the *same injunction* that the Ninth Circuit is currently reviewing.

**2.** That is clearer still when one looks to the asserted grounds for Plaintiffs' current motion. That motion seeks relief based on issues and arguments that necessarily overlap substantially (indeed, virtually entirely) with the issues and arguments currently before the Ninth Circuit. In

---

[1] Defendants have sought a stay pending appeal of that injunction and partial judgment from the Ninth Circuit, which has granted an administrative stay. *See* No. 25-5553, ECF No. 7.1.

the pending appeal, the Ninth Circuit will decide whether Plaintiffs are likely to succeed in their challenge to the federalization and deployment of the California National Guard. In doing so, the Ninth Circuit will first have to decide whether the President's determination under 10 U.S.C. § 12406 is subject to judicial review (as Plaintiffs contend), or whether (as Defendants contend) that determination is "conclusive upon all other persons," including the district court. *Martin v. Mott*, 25 U.S. (12 Wheat.) 19, 30 (1827). If the Ninth Circuit concludes that the determination is reviewable, it will then need to decide the standard of judicial review. At the motion to stay stage, the panel "disagree[d] with Defendants' contention that § 12406 completely precludes judicial review of the President's determination," *Newsom v. Trump*, 141 F.4th 1032, 1047 (9th Cir. 2025), and concluded that "courts may at least review the President's determination to ensure that it reflects a colorable assessment of the facts and law within a range of honest judgment," while declining to "further specify the precise standard that governs [the court's] review," *id.* at 1051 (quotation marks omitted). Notably, Plaintiffs' Ninth Circuit brief asks the merits panel to reconsider that highly deferential standard of review. *See* No. 25-3727, ECF No. 63.1 at 14.

If the Ninth Circuit determines that the President's determination is reviewable, the merits panel will then determine, applying the appropriate standard of review, whether Plaintiffs are likely to succeed in their challenge to the President's determination that "there is a rebellion or danger of a rebellion against the authority of the Government of the United States," 10 U.S.C. § 12406(2), or "the President is unable with the regular forces to execute the laws of the United States," *id.* § 12406(3). The stay panel held that Defendants are likely to prevail with respect to the President's determination under Section 12406(3), and thus did "not reach the other condition invoked by the President, § 12406(2), concerning 'rebellion.'" *Id.* at 1051. The Ninth Circuit will then decide whether Plaintiffs will suffer irreparable harm, and whether the balance of the equities and public interest weigh in favor of this Court's previous grant of injunctive relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

**3.** Given this posture, it is clear that Plaintiffs seek functionally the same preliminary injunction, on basically the same theories. And it is likewise clear that this Court could not

adjudicate the motion without encroaching on the aspects of the case currently before the Ninth Circuit.

To decide Plaintiffs' instant motion, this Court would need to determine (as the Ninth Circuit soon will) whether the federalization and deployment determination is reviewable, and if so, the applicable standard of review. The Court would also need to interpret two statutory provisions that are also at issue in Plaintiffs' current motion: "a rebellion or danger of a rebellion against the authority of the Government of the United States," 10 U.S.C. § 12406(2), and "unable with the regular forces to execute the laws of the United States," *id.* § 12406(3). Indeed, Plaintiffs' motion contains substantial arguments about how the Court should interpret the language in these two provisions, contending "that a 'rebellion' must be violent, armed, organized, and in open defiance of the government as a whole, not merely isolated incidents of disruption," and that "the extreme conditions necessary to trigger the other two subsections—foreign invasion or rebellion—strongly suggest a similarly high bar as to an inability to execute the laws." Mot. at 9–10. These legal questions are squarely before the Ninth Circuit, as is the related issue of the level of deference accorded to the President in making those determinations (assuming they are reviewable). The fact that Plaintiffs have interposed an objection to the duration of the order—based on the elapsing of just 60 days—is not enough to allow this Court to issue a duplicative preliminary injunction while the first one is pending, especially since the durational objection implicates many of the same issues about the reviewability of the President's determinations, and the standard of review if the determinations are reviewable. Indeed, if anything, the durational objection is even more committed to the President's discretion, because once the Guard is properly federalized, the President (or his delegee) decides that they will be deployed "in such numbers as he considers necessary to … execute those laws" that the regular forces are unable to execute.

**4.** Against all of this, Plaintiffs contend that this Court has jurisdiction over their current motion because they are challenging a new decision, which was necessarily not before the Court when it issued the June 12 Order. Mot. at 8. This fails on multiple levels. For one, a challenge to the continuation of the mission is still a challenge to the Presidential Memorandum federalizing the Guard; that Memorandum directed that "the duration of duty shall be for 60 days or at the

Defendants' Response Brief Regarding Jurisdiction
3:25-cv-04870-CRB

discretion of the Secretary of Defense." ECF No. 8-1 at 44. On July 30, Secretary Hegseth decided to "[r]elease approximately 1,350 California National Guard personnel from Federal service" and that "[a]pproximately 260 California National Guardsmen w[ould] remain in Federal service for an additional 90 days, concluding on November 4, 2025." Decl. of Benjamin S. Kurland (Kurland Decl.), Ex. A. Those decisions were communicated later in writing to the Commander for U.S. Northern Command and California's adjutant general. Kurland Decl., Exs. A, B. And they were communicated to servicemembers in the August 5 order that Plaintiffs cite. Secretary Hegseth's decision thus released servicemembers and *maintained the status quo* for approximately 260 National Guardsmen in Southern California. As Plaintiffs acknowledge, Mot. at 6, the August 5 order did not cite new grounds or interject new considerations that are independent of the issues currently pending before the Ninth Circuit. *See* ECF No. 140-2. On the contrary, it cited for authority the June 7 Presidential Memorandum that this Court has ruled upon and that is the subject of the pending appeal.

**4.** More fundamentally, Plaintiffs' jurisdictional theory appears to be that this Court can consider their current motion because this motion challenges whether one of the grounds for federalization existed when Secretary Hegseth decided to release some Guardsmen and continue service for others—while the June 12 Order on appeal considered whether one of those grounds existed on June 7 (when the Presidential Memorandum was issued). *See* Mot. at 1 (characterizing this as a "distinct question"). This slices things too thinly and, as discussed above, this minor tweak to Plaintiffs' legal theory does not give the Court jurisdiction to grant functionally the same injunction based on virtually identical grounds. Indeed, given the short period of time between the two (about 60 days), the Court could not meaningfully address the decision to continue the Guard's presence without some assessment of the conditions that led to the Guard's federalization in the first place. Plaintiffs' motion proves the point. They describe the protests as "mostly peaceful" and stress the supposed sufficiency of state and local protection, all to support the proposition that the President's federalization of the Guard was improper. Mot. at 2. And insofar as conditions in Los Angeles have improved somewhat, that is undoubtedly at least in part because the Guard's presence has *deterred* further attacks. But in any event, the dispositive point is that

Defendants' Response Brief Regarding Jurisdiction
3:25-cv-04870-CRB

Plaintiffs seek functionally the same injunction and this Court cannot entertain this current motion without necessarily adjudicating numerous aspects of the case that are currently before the Ninth Circuit.[2]  The Court lacks jurisdiction to do so.

**5.** Finally, to the extent this Court would have jurisdiction to consider the current motion—on the theory that Secretary Hegseth's decision to release some servicemembers and continue service for others is a new action that does not flow from the challenged Presidential Memorandum and is allegedly unlawful on distinct grounds—Plaintiffs cannot challenge the August 5 order without amending their complaint.  "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  The test "requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* at 636.  The complaint filed on June 9, of course, makes no mention of Secretary Hegseth's July decision.  *See Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C. Cir. 2001).  It does not identify that decision as an agency action subject to review under the Administrative Procedure Act or one susceptible to review through any other cause of action.  Plaintiffs must amend their complaint before the Court could possibly entertain their motion.

Dated: September 5, 2025                         Respectfully submitted,

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General
                                                 Civil Division

                                                 ERIC J. HAMILTON
                                                 Deputy Assistant Attorney General

---

[2] This conclusion does not deny Plaintiffs an opportunity to challenge Secretary Hegseth's decision to release some Guardsmen and continue the service of others.  Plaintiffs have already obtained from this Court the interim injunction that they seek, and their answering brief on appeal of course asks the Ninth Circuit to affirm this Court's June 12 order.  If Plaintiffs think there are distinct grounds for a new injunction, they could also seek an indicative ruling from this Court.  *See* Fed. R. Civ. P. 62.1.  The dispositive point is that these aspects of the case are now before the Ninth Circuit, not this Court.

Defendants' Response Brief Regarding Jurisdiction
3:25-cv-04870-CRB

|   |   |
|---|---|
| 1 | Federal Programs Branch |
|   | (CA Bar No. 296283) |
| 2 |   |
| 3 | ALEXANDER K. HAAS |
|   | (CA Bar No. 220932) |
| 4 | Director, Federal Programs Branch |

Federal Programs Branch
(CA Bar No. 296283)

ALEXANDER K. HAAS
(CA Bar No. 220932)
Director, Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch

/s/ B. Kurland
_____
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
CHRISTOPHER EDELMAN
(DC Bar No. 1033486)
Senior Counsel
GARRY D. HARTLIEB
(IL Bar No. 6322571)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 598-7755
ben.kurland@usdoj.gov

*Attorneys for Defendants*