**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LUKE FREEDMAN
BRENDAN HAMME
BARBARA HORNE-PETERSDORF
LORRAINE LOPEZ
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3877
E-mail: Meghan.Strong@doj.ca.gov
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; STATE OF CALIFORNIA,**

Plaintiffs,

**v.**

**DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PETE HEGSETH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF DEFENSE,**

Defendants.

**NO. 3:25-cv-04870-CRB**

**PLAINTIFFS' REPLY BRIEF REGARDING JURISDICTION**

Plaintiffs' new preliminary injunction motion is based on new evidence and actions that were not before this Court when it issued its TRO order and thus are not before the Ninth Circuit in the pending appeal of that order. And because a pending appeal divests the lower court of jurisdiction only over those aspects of the case involved in the appeal, the pending appeal does not deprive this Court of jurisdiction to decide Plaintiffs' motion. The fact that Plaintiffs' motion raises legal issues similar to those being considered by the Ninth Circuit does not change this. This Court is no more limited in its ability to apply existing law to the facts before it than any district court considering a motion that concerns legal issues under consideration by an appellate court. The Court can and should rule on Plaintiffs' preliminary injunction motion.

An appeal from an interlocutory order such as a preliminary injunction[1] divests the lower court only "of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (citation omitted); *see generally* 16 *Wright & Miller's Federal Practice & Procedure* § 3921.2 (3d ed. 2025) (discussing district court authority during pendency of interlocutory appeal). The district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002); *accord Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 791 (10th Cir. 2013) (interlocutory appeal "does not defeat the power of the trial court to proceed further with the case" (citation omitted)). Thus, "[a]n appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023); *see also Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.").

[1] The Court's order currently on appeal was a TRO order. ECF No. 64. *But see Newsom v. Trump*, 141 F.4th 1032, 1044 (9th Cir. 2025) (the TRO possessed "the qualities of a preliminary injunction"). Because temporary restraining orders are generally not immediately appealable, *Service Emp. Intern. Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010), the law discussing whether district courts retain jurisdiction over interlocutory appeals focuses on preliminary injunctions, and Plaintiffs rely on that law here.

A district court's continuing jurisdiction includes authority to consider and grant additional preliminary relief predicated on "new evidence" submitted in support of a "new motion for preliminary injunction." *Adams v. City of Chicago*, 135 F.3d 1150, 1153 (7th Cir. 1998); *see also Mt. Graham Red Squirrel v. Yeutter*, 930 F.2d 703, 704 (9th Cir. 1991). "[W]hen a preliminary injunction has been appealed and a new motion for preliminary injunction is filed, there is no jurisdictional bar to the district court resolving that motion." *Adams*, 135 F.3d at 1154; *see also Mayweathers v. Newland*, 258 F.3d 930, 935-36 (9th Cir. 2001) (district court had jurisdiction to enter second preliminary injunction while appeal of first preliminary injunction was pending). This is the case even when the relief granted in the second injunction is identical to the first. *Mayweathers*, 258 F.3d at 935-36.

The Court has continuing jurisdiction here. Plaintiffs bring their new preliminary injunction motion based on new evidence and new actions by Defendants that have occurred since the Court issued its TRO order, most significantly new action by Defendants to extend the federalization of California's National Guard beyond the 60-day period at issue in the order that is the subject of the current appeal before the Ninth Circuit The pending appeal of the Court's TRO order does not deprive the Court of jurisdiction to consider that new evidence, including the new August 5 activation order, and determine whether Defendants' recent actions require independent preliminary injunctive relief. Neither the August 5 activation order nor any of the evidence regarding the current state of activity on the ground in Southern California were or are before the Ninth Circuit in the pending appeal—a fact the Ninth Circuit itself acknowledged in making a point to "emphasize . . . that our decision addresses only the facts before us." *Newsom*, 141 F.4th at 1055. This Court also acknowledged, in finding it had jurisdiction to consider Plaintiffs' Posse Comitatus Act claim while the TRO appeal was pending, that it may be appropriate to consider a challenge to the deployment's duration after the original 60 days had passed. ECF No. 101 at 10 ("[T]he propriety of President Trump's federalization of the National Guard is not now a viable basis for preliminary injunction, especially since the initial 60-day window has not yet passed."). That time has come, the original 60-day window has passed, and Defendants have issued a new order that is an independent violation of the law. *See generally* Mtn. for Preliminary Injunction,

ECF No. 183. Only this Court currently has jurisdiction to consider Plaintiffs' challenge to the new activation order.

None of Defendants' arguments to the contrary deprive the Court of that jurisdiction. Defendants primarily argue that the Court may not issue the injunction Plaintiffs seek because it is based on arguments similar to those Plaintiffs made in support of their TRO and seeks the same relief. ECF No. 190 at 1-3. But as the Ninth Circuit affirmed in *Mayweathers*, a court may issue a second preliminary injunction while the appeal of a previous preliminary injunction is pending, even where the second injunction is *identical*. 258 F.3d at 935-36. And in any event, the injunction sought here is not identical: the facts tied to the initial federalization are materially different from the facts tied to the more recent extension of the federalization.

Further, the fact that Plaintiffs' new preliminary injunction motion may involve legal issues that overlap with the legal issues before the Ninth Circuit does not remove the Court's jurisdiction here. The pendency of an appeal does not deprive all district courts of jurisdiction to consider any motion raising legal issues subject to the pending appeal. If, for example, Defendants were to issue a new federalization order and deploy troops to a new location, such as San Francisco—as Defendants have threatened to do—Plaintiffs could file a new action and challenge that mobilization via a preliminary injunction motion, and the pendency of the appeal in this case would not bar a district court's consideration of that motion and action. That fact does not change merely because Plaintiffs' motion here is brought in the same case in which the order currently on appeal was issued. Such an approach would insulate a defendant's subsequent actions indefinitely while a preliminary injunction is on appeal. Thus, even as the Ninth Circuit considers the legal issues related to Defendants' pending appeal, and though the state of the law may shift as that appeal proceeds, this Court may apply the law as it currently exists to the facts of Plaintiffs' new motion to determine whether a preliminary injunction is required now. And in doing so, the Court's actions will not conflict with or infringe upon on the scope of the pending appeal.

Nor can Defendants avoid judicial review by recasting their recent actions as simply "maintain[ing] the status quo." ECF No. 190 at 4. The new documents Defendants attach to their

brief—which are dated August 15, ten days after the August 5 order, despite purporting to describe decisions allegedly made on July 30, ECF No. 190-1—conflict with the August 5 activation order, which "authorizes the mobilization of units" totaling 300 soldiers for a new deployment period beginning August 8 and lasting for 90 days. ECF No. 140-2, Strong Decl. Ex. 31. But whether Defendants called new soldiers into service or ordered the same soldiers to remain in place is beside the point. The fact remains that on August 5, Defendants issued a new, distinct order requiring 300 soldiers to be stationed in Southern California for a 90-day period, through Election Day—a fact Defendants do not dispute, and without which the federal mobilization orders of all National Guard personnel would have expired. And it is that new 90-day deployment that Plaintiffs now challenge.

Defendants also suggest that too little time has passed since the first order to allow the Court to re-evaluate the state of conditions on the ground, ECF No. 190 at 4, but that argument is belied by Defendants' own admissions that the alleged "lawlessness" that Defendants claim justified the federalization in June has "subsid[ed]" and the fact that federalized National Guard troops are no longer assisting ICE. *See* ECF No. 183 at 1, 5. Thus, even if Defendants had a lawful justification for the federalization in June, they lack one now, and their insistence on keeping troops on standby as "mobile response teams" merely confirms that they seek to maintain an unlawful standing army in Los Angeles. *Id.* No additional passage of time is needed for the Court to reach this conclusion based on the latest evidence. And Defendants offer no support for their argument that there is a minimum amount of time that must pass before the Court may consider new facts. If subsequent developments, established by new evidence, require a new preliminary injunction, the Court may consider that, regardless of how much time has passed. *See Adams*, 135 F.3d at 1153-54.

Finally, Defendants assert that Plaintiffs should have amended their complaint to include allegations regarding the August 5 order before filing their motion to enjoin that order. ECF No. 190 at 5. They are wrong. Plaintiffs' complaint anticipated the possibility of additional unlawful orders and explicitly requested relief to extend to "any future orders," including the one at issue now. ECF No. 1 at 21. That Plaintiffs could not have predicted and pled the exact facts of

Defendants' future unlawful orders is of no consequence: Plaintiffs need only a "sufficient nexus" between the claims in their complaint and the claims in their motion. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

A sufficient nexus clearly exists here. In their complaint, Plaintiffs plead *ultra vires*, Tenth Amendment, and APA causes of action based on Defendants' violation of Section 12406 and the Posse Comitatus Act. At the time their complaint was filed, Defendants had violated Section 12406 through their June federalization order. Now, Defendants have violated Section 12406 again through their August federalization order. And though the facts supporting Plaintiffs' motion are necessarily new, they have a clear nexus to and support the same causes of action Plaintiffs alleged in their complaint. Plaintiffs need not file an amended complaint each time Defendants issue a new federalization order that violates the same statute and gives rise to the same causes of action. Moreover, Plaintiffs seek relief in their new motion that is "of the same character as that which may be granted finally." *Id.* Plaintiffs seek an injunction enjoining Defendants' federalization of California's National Guard—the same type of relief they seek in their complaint. ECF No. 1 at 21 (Prayer for Relief seeking "[i]njunctive relief prohibiting DOD Defendants from federalizing and deploying the California National Guard and military without meeting the requirements of 10 U.S.C. § 12406"). Their requested relief was never limited to Defendants' initial order, or any other particular order.

The Court has jurisdiction over Plaintiffs' motion for preliminary injunction. Plaintiffs respectfully renew their request that the Court order expedited briefing and a hearing on their motion, *see* Mtn. to Shorten Time, ECF No. 184, and ask that the Court exercise its jurisdiction and grant them the requested injunctive relief.

Dated: September 8, 2025

Respectfully submitted,

**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LUKE FREEDMAN
BRENDAN HAMME
BARBARA HORNE-PETERSDORF
LORRAINE LOPEZ
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General

*/s/ Meghan H. Strong*

MEGHAN H. STRONG
Deputy Attorney General
455 Golden Gate Ave.
San Francisco, CA 94102
Telephone: (415) 510-3877
E-mail: Meghan.Strong@doj.ca.gov

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

Case Name: *Newsom v. Trump* No. **3:25-cv-04870-CRB**

I hereby certify that on September 8, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' REPLY BRIEF REGARDING JURISDICTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 8, 2025, at San Francisco, California.

M. Paredes
Declarant

*/s/ M. Paredes*
Signature

SF2025303707
44789162.docx