IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN NEWSOM, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04870-CRB<br><br>**ORDER RE: JURISDICTION OVER PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs brought this action against Defendants to challenge Defendants' federalization of the California National Guard in response to immigration-related protests in Los Angeles and to challenge Defendants' use of the National Guard and the U.S. Marines in Los Angeles. Plaintiffs now seek a preliminary injunction blocking Secretary Hegseth's August 5, 2025 order extending the federalization of approximately 300 California National Guard members until November 4, 2025. The complicated and fragmented procedural posture of this action leaves the Court skeptical of its jurisdiction to consider Plaintiffs' motion, so the Court hereby **STAYS** all proceedings related to Plaintiffs' motion for a preliminary injunction until further order.

**I.    PROCEDURAL HISTORY**

On June 10, 2025, Plaintiffs sought a temporary restraining order to prevent Defendants from federalizing the California National Guard and from using them for civilian law enforcement in violation of the Posse Comitatus Act. TRO Mot. (dkt. 9). On June 12 the Court granted Plaintiffs' motion on the grounds that Defendants' calling of the California National Guard into federal service violated 10 U.S.C. § 12406 and the Tenth Amendment to the U.S. Constitution. See TRO (dkt. 64). Specifically, the Court enjoined

Defendants from deploying the California National Guard in Los Angeles and ordered Defendants to return control of the California National Guard to Governor Newsom. Id. at 35–36. The Court did not reach Plaintiffs' Posse Comitatus Act arguments, however, as the Court's statutory and constitutional determinations about the federalization of the National Guard provided the relief that Plaintiffs had requested. Id. at 26–29.

Defendants appealed the Court's entry of a temporary restraining order, splitting the case into two parts. See Newsom v. Trump, 141 F.4th 1032, 1039 (9th Cir. 2025) (per curiam). Part of the case (President Trump's federalization of the National Guard under § 12406 and the Tenth Amendment) went to the Ninth Circuit on appeal, while part of the case (Plaintiffs' allegations of Posse Comitatus Act violations) remained with this Court. From there, the Ninth Circuit administratively stayed the temporary restraining order and then, on expedited briefing and argument, issued an order staying the temporary restraining order pending appeal. Id. at 1039–40. The Ninth Circuit concluded that it was likely that President Trump lawfully federalized the California National Guard under § 12406(3). Id.

But the Ninth Circuit did not have before it Plaintiffs' Posse Comitatus Act claims. Id. at 1055. This Court held a trial on the merits of those claims from August 11 to August 13. See Dkts. 155–57. On September 2 this Court issued its findings of fact and conclusions of law, in which it explained that Defendants had violated the Posse Comitatus Act and enjoined them from continuing to do so. See FOFCOL (dkt. 176). The Court stayed the injunction, id. at 52, and Defendants timely appealed, see NOA (dkt. 187).

On September 2 Plaintiffs moved for a preliminary injunction to block an August 5, 2025 order from Secretary Hegseth instructing that 300 members of the California National Guard would remain in federal service until November 4, 2025. MPI (dkt. 183). Plaintiffs contend that Defendants failed to satisfy the statutory requirements of 10 U.S.C. § 12406 for this August 5 federalization order. Id. at 9–13. Though Plaintiffs argued that this Court had jurisdiction to consider their motion, id. at 8, the Court ordered the parties to submit expedited briefs addressing whether jurisdiction over this issue is currently vested in this Court or with the Ninth Circuit. Briefing Order (dkt. 188). Plaintiffs maintain that

2

jurisdiction is proper in this Court, MPI at 8; Reply (dkt. 191), while Defendants argue that the Ninth Circuit has exclusive jurisdiction over this issue, Opp. (dkt. 190).

## II.     DISCUSSION

An appeal divests a trial court "of its control over those aspects of the case involved in the appeal." Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (citation omitted). Plaintiffs correctly point out that, in the typical case, a district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." United States v. Pitner, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). And there is ample authority explaining that district courts can proceed with a case while an appeal of a preliminary injunction is pending. See Mayweathers v. Newland, 258 F.3d 930, 935–36 (9th Cir. 2001); Adams v. City of Chicago, 135 F.3d 1150, 1153 (7th Cir. 1998). Thus, for example, this Court properly moved forward on Plaintiffs' Posse Comitatus Act claims, even while the temporary restraining order remained on appeal before the Ninth Circuit.

This is not the typical case. Plaintiffs do not identify any case where a district court was found to retain jurisdiction after an appellate court stayed an injunction, as the Ninth Circuit did here. See Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982) (holding that, as a matter of course, "an appeal from an interlocutory order does not stay the proceedings"). Such a stay warrants additional caution beyond the usual effort to avoid conflicting claims of jurisdiction from the district and appellate courts. Further, Plaintiffs' cases mostly involve appeals from denials of a preliminary injunction, not grants of one. Adams, 135 F.3d at 1153–54; Plotkin, 688 F.2d at 1293; Free Speech v. FEC, 720 F.3d 788, 791 (10th Cir. 2013); Mt. Graham Red Squirrel v. Yeutter, 930 F.2d 703, 704 (9th Cir. 1991). But see Mayweathers, 258 F.3d at 933–34 (district court could issue second injunction after first injunction, which was time-limited under the PLRA, expired while on appeal). These cases provide boilerplate statements regarding when an appeal does or does not divest a trial court of jurisdiction, yet they are of little help in this uniquely complex procedural situation where the Court of Appeals has spoken (but not with finality) and has stayed the district court with respect to part of (but not the whole) action.

1    Plaintiffs assert that the issue pending before the Ninth Circuit is distinct from the
2    issue that they seek to litigate through their new motion.  To be sure, the Ninth Circuit has
3    before it the issue of whether Defendants lawfully federalized the California National
4    Guard on June 7, while Plaintiffs now challenge Secretary Hegseth's August 5 order
5    extending their federalization through November.  But that slices the issues too finely.  Cf.
6    Coinbase, 599 U.S. at 741 (holding that the arbitrability of a dispute implicates "the entire
7    case").  The Ninth Circuit is still considering the merits of Plaintiffs' arguments as to the
8    temporary restraining order, and those merits are inextricably tied up with the merits of
9    Plaintiffs' new motion.  Though the Ninth Circuit offered an initial interpretation of 10
10   U.S.C. § 12406 in its stay order, the court suggested that more specific guidance would be
11   forthcoming.  See Newsom, 141 F.4th at 1051 ("At this preliminary stage of the litigation,
12   we need not further specify the precise standard that governs our review." (emphasis
13   added)).  For this Court to proceed with Plaintiffs' preliminary injunction motion would
14   risk "attempt[ing] to assert jurisdiction over a case simultaneously" with the Ninth Circuit.
15   See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).

16   Moreover, Plaintiffs are not without a forum in which they can seek relief.  Courts
17   of Appeal have authority to issue injunctions, see Fed. R. Civ. P. 62(g)(2), so Plaintiffs can
18   move for an injunction before the Ninth Circuit, see Fed. R. App. P. 27; see also Ninth Cir.
19   R. 27-3 (emergency motions).  Certainly if the Ninth Circuit determines that Plaintiffs'
20   motion should be heard in the district court in the first instance, this Court will lift its stay
21   and proceed expeditiously.  Until the Ninth Circuit makes that plain, though, this Court
22   will not infringe on the Ninth Circuit's appellate jurisdiction over the proper application of
23   § 12406 to Defendants' federalization orders.

24   For the foregoing reasons, the Court **STAYS** all proceedings related to Plaintiffs'
25   motion for a preliminary injunction until further order.

26   **IT IS SO ORDERED.**

27   Dated: September 9, 2025



CHARLES R. BREYER
United States District Judge