**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LUKE FREEDMAN
BRENDAN HAMME
BARBARA HORNE-PETERSDORF
LORRAINE LOPEZ
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General
 455 Golden Gate Ave.
 San Francisco, CA 94102
 Telephone: (415) 510-3877
 E-mail: Meghan.Strong@doj.ca.gov
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA; STATE OF CALIFORNIA,**<br><br>Plaintiffs,<br><br>v.<br><br>**DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; PETE HEGSETH, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF DEFENSE; U.S. DEPARTMENT OF DEFENSE,**<br><br>Defendants. | NO. 3:25-cv-04870-CRB<br><br>**PLAINTIFFS' RESPONSE TO STAY ORDER AND REQUEST FOR SUMMARY JUDGMENT BRIEFING SCHEDULE** |

1

In response to the Court's Order staying proceedings related to Plaintiffs' motion for a preliminary injunction, ECF No. 192, Plaintiffs respectfully request the Court proceed to adjudicate the merits of Plaintiffs' claim that Defendants' August 5, 2025 federalization order violates 10 U.S.C. § 12406. Specifically, Plaintiffs request the Court grant Plaintiffs leave to file, and order expedited briefing on, Plaintiffs' motion for partial summary judgment on the following schedule:

- September 26, 2025: Plaintiffs' motion for partial summary judgment
- October 3, 2025: Defendants' opposition
- October 8, 2025: Plaintiffs' reply
- October 10, 2025: Hearing on Plaintiffs' motion

Even if this Court lacks jurisdiction to decide Plaintiffs' motion for a preliminary injunction while Defendants' appeal of the Court's TRO order is pending, it has jurisdiction to adjudicate that claim on the merits. *Plotkin v. Pac. Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case."). The Ninth Circuit has repeatedly held that district courts need not "delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). This is in part because "the fully developed factual record may be materially different from that initially before the district court." *Id.* (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1003 (9th Cir. 2012)). That is the case here, where Plaintiffs' current challenge under section 12406 is based on new facts and evidence not before the Ninth Circuit in the pending appeal. Thus, the Court may, and in fact should, adjudicate the merits of Plaintiffs' new challenge even as the Ninth Circuit considers the interlocutory appeal, especially given the urgency of the relief Plaintiffs seek. *See Global Horizons, Inc. v. U.S. Dept. of Labor*, 510 F.3d 1054, 1058-1059 (9th Cir. 2007) (noting that "awaiting the outcome of [an interlocutory] appeal" from a preliminary injunction "'may provide little guidance as to the appropriate disposition on the merits' and will often 'result in unnecessary delay to the parties and inefficient use of judicial resources'").

In the alternative, Plaintiffs respectfully request the Court lift the stay on Plaintiffs' preliminary injunction motion and issue an indicative ruling under Federal Rule of Civil Procedure 62.1 stating "either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(3). If the Court intends to issue an indicative ruling, Plaintiffs propose the Court order briefing on the preliminary injunction motion be completed on the following schedule:

- September 26, 2025: Defendants' opposition to Plaintiffs' preliminary injunction motion
- October 3, 2025: Plaintiffs' reply
- October 10, 2025: Hearing on Plaintiffs' motion

An indicative ruling will allow Plaintiffs to file a motion under Federal Rule of Appellate Procedure 12.1 requesting that the Ninth Circuit remand for further proceedings consistent with this Court's order—or clarify that this Court has jurisdiction to rule on Plaintiffs' motion in the first instance while the current appeal is pending. While Plaintiffs acknowledge the Court's suggestion that Plaintiffs may move for an injunction before the Ninth Circuit, Plaintiffs' current challenge is based on new facts and evidence which should ordinarily be presented first to the trial court, as the trier of fact.[1] *See Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) ("[A]ppellate courts must constantly have in mind that their function is not to decide factual issues *de novo*." (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123 (1969)). Given this, Plaintiffs respectfully submit that an indicative ruling would be the most procedurally appropriate way to proceed if the Court believes it lacks jurisdiction to consider Plaintiffs' instant challenge in any procedural posture.[2]

---

[1] If the Court declines to consider Plaintiffs' new challenge via a motion for summary judgment and declines to issue an indicative ruling, Plaintiffs reserve the right to move for an injunction before the Ninth Circuit or take any other appropriate action.

[2] Defendants agree an indicative ruling would be appropriate. ECF No. 190 at 5 n.2 ("If Plaintiffs think there are distinct grounds for a new injunction, they could also seek an indicative ruling from this Court.").

Dated: September 22, 2025

Respectfully submitted,

**ROB BONTA**
Attorney General of California
MICHAEL L. NEWMAN
THOMAS S. PATTERSON
Senior Assistant Attorneys General
ANYA M. BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
Supervising Deputy Attorneys General
NICHOLAS ESPÍRITU
LUKE FREEDMAN
BRENDAN HAMME
BARBARA HORNE-PETERSDORF
LORRAINE LOPEZ
KENDAL MICKLETHWAITE
JANE REILLEY
MEGAN RICHARDS
MEGHAN H. STRONG
Deputy Attorneys General

*/s/ Meghan H. Strong*

MEGHAN H. STRONG
Deputy Attorney General
  455 Golden Gate Ave.
  San Francisco, CA 94102
  Telephone: (415) 510-3877
  E-mail: Meghan.Strong@doj.ca.gov

  *Attorneys for Plaintiffs*

3

# CERTIFICATE OF SERVICE

Case Name:   *Newsom v. Trump*         No.   **3:25-cv-04870-CRB**

I hereby certify that on September 22, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**PLAINTIFFS' RESPONSE TO STAY ORDER AND REQUEST FOR SUMMARY JUDGMENT BRIEFING SCHEDULE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 22, 2025, at San Francisco, California.

|  |  |
|---|---|
| M. Paredes | */s/ M. Paredes* |
| Declarant | Signature |

SF2025303707
44805791