BRETT A. SHUMATE
Assistant Attorney General
ERIC J. HAMILTON (CA Bar No. 296283)
Deputy Assistant Attorney General
ALEXANDER K. HAAS (CA Bar No. 220932)
Federal Programs Branch Director
JEAN LIN (NY Bar No. 4074530)
Special Litigation Counsel
CHRISTOPHER D. EDELMAN (DC Bar No. 1033486)
Senior Counsel
BENJAMIN S. KURLAND (DC Bar No. 1617521)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-8659
christopher.edelman@usdoj.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States of America, et al., <br><br> *Defendants*. | Case No. 3:25-cv-04870-CRB <br><br> **DEFENDANTS' COMBINED MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS AND RESPONSE TO PLAINTIFFS' REQUEST FOR EXPEDITED SUMMARY JUDGMENT BRIEFING SCHEDULE** |

On September 2, 2025, Plaintiffs moved for a preliminary injunction to block the continued service of the approximately 260 members of the California National Guard who remain federalized. ECF Nos. 183, 190. That motion sought relief functionally identical to the relief the Court entered in its June 12 Order, ECF No. 64, which is currently on appeal to the Ninth Circuit. And it sought relief on the ground that the continued deployment violates 10 U.S.C. § 12406, the same ground on which the Court entered the June 12 Order. This Court thus correctly stayed proceedings on that motion, stating that it was "skeptical of its jurisdiction to consider Plaintiffs' motion," ECF No. 192 at 1, while noting that the Ninth Circuit will provide "more specific guidance" about the proper interpretation of Section 12406 when it resolves Defendants' appeal of the June 12 order, *id.* at 4. The Court's stay order did not invite a response from the parties.

Undeterred, and without any prior notice to Defendants or request for their position, Plaintiffs filed what they characterize as a "response" to the Court's stay order in which they request that the Court adjudicate the merits of Plaintiffs' claim that Defendants' decision to maintain the status quo for the 260 Guard members violates Section 12406. ECF No. 195 ("Mot.") at 2.[1] Despite having waited nearly two weeks to make the request, they ask that the Court order an expedited briefing schedule (including just seven days for Defendants' response to the motion, when Plaintiffs envision filing their motion 17 days after the Court's stay order) and hearing date, all within less than three weeks, by October 10. *Id.* In the alternative, Plaintiffs request that the Court lift the stay, permit briefing on their pending preliminary injunction—on a similar briefing timetable, with the same requested October 10 hearing date—and issue an indicative ruling that the Court would grant a preliminary injunction enjoining the Guard's continued deployment if the case were remanded for that purpose. *Id.* at 2. The Court should deny both requests and should adhere to its previous conclusion that proceedings on Plaintiffs' Section 12406 claim should await

---

[1] Plaintiffs assert that they are challenging an "August 5, 2025 federalization order." But as Defendants have explained, the Secretary of Defense released some 1,350 Guardsmen and continued the federal service of some 260 Guardsmen on July 30. Moreover, neither the continuation decision, nor the subsequent August 5 order communicating the continuation to servicemembers, was a "federalization order," as only the President could federalize the National Guard. *See* ECF No. 190 at 3–4.

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

1

further appellate guidance. And since both the Section 12406 and Posse Comitatus Act ("PCA") issues are before the Ninth Circuit, the Court should stay further proceedings in this case in full.

**1.** As to Plaintiffs' contemplated motion for partial summary judgment on the grounds that the Guard's continued federal service is not authorized by Section 12406, it serves no purpose to proceed with the motion now given the Ninth Circuit's stay decision—which would plainly compel denial of Plaintiffs' anticipated motion. The Court's June 12 Order enjoined the President's activation of the National Guard and directed him to relinquish command of the federalized troops back to the Governor of California, on the grounds that the federalization was not authorized by Section 12406 and failed to comply with Section 12406's procedural requirements. ECF No. 64 at 35. But in a published decision, the Ninth Circuit stayed that order pending appeal, finding that Defendants are likely to succeed in their contentions that the President's activation of the Guard was a lawful exercise of his authority under Section 12406 and complied with Section 12406's procedural requirements. *Newsom v. Trump*, 141 F.4th 1032, 1043 (9th Cir. 2025) (per curiam). That published decision binds this Court, of course.

Contrary to Plaintiffs' assertion, *see* ECF No. 195 at 1, this is not a case where "the fully developed factual record may be materially different from that initially before the district court." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (quotation marks omitted). Since the June 12 Order has been on appeal, the record has not changed as to the Section 12406 claim, since there have not been any further proceedings on that claim. *See* ECF No. 192 at 2. Any challenge to the decision to continue the federal service of the Guard would not be based on anything other than the materials the Court of Appeals had before it when it granted the stay. And any purported new facts would certainly not be sufficient in any event to permit a decision granting the same relief on the merits that a Ninth Circuit panel already stayed in an opinion holding that these merits arguments were likely to fail.

**2.** Plaintiffs cannot sidestep all of this by claiming that they are challenging a new decision—the decision continuing the deployment—rather than the President's federalization decision, which authorized the continuation. Plaintiffs cannot have it both ways. If Plaintiffs are right that the continuation order is a new decision that Plaintiffs are challenging based on supposed

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

2

"new facts" and grounds distinct from those the Ninth Circuit held were likely to fail, then such a new claim requires an amendment to their complaint. Plaintiffs cannot seek summary judgment on a claim that does not exist.

In any event, Plaintiffs' purported distinctions are contrived for reasons Defendants have previously explained. The continuation of the mission is itself expressly authorized by the Presidential Memorandum that the Ninth Circuit held was likely lawful. ECF No. 190 at 3; ECF No. 8-1 at 44. And Secretary Hegseth's continuation simply maintained the status quo for approximately 260 National Guardsmen in Southern California. ECF No. 190 at 4. It did not cite new grounds or interject new considerations that are independent of the issues currently pending before the Ninth Circuit. And this Court has already held that the idea that a challenge to whether one of the grounds for federalization existed on August 5 is somehow distinct from whether a necessary ground existed on June 7 "slices the issues too finely." ECF No. 192 at 4.

**3.** Even if Plaintiffs' contemplated motion were not foreclosed by the Ninth Circuit's stay decision, the Court should not adjudicate the merits now. As this Court noted just over two weeks ago, the Ninth Circuit will soon provide guidance on the proper framework for adjudicating Plaintiffs' challenge under Section 12406. That guidance is likely to include, inter alia: whether the federalization decision is reviewable in the first place; and if so, the applicable standard of review, the proper interpretation of Section 12406(2)–(3), and whether the President's decision passes muster. It makes no sense to plow ahead on the merits now, let alone to do so on the highly expedited timetable Plaintiffs propose, *before* the Ninth Circuit decides these questions in the pending appeal.

And even if this Court were to grant Plaintiffs partial summary judgment, any relief would almost certainly be stayed. This Court would presumably temporarily stay any relief (as it did in its recent order following the bench trial on Plaintiffs' PCA claim). The Ninth Circuit has also now twice indicated that it will not allow such an injunction in this case to go into effect at least until a panel of that Court decides a motion for a stay pending appeal. The Court should decline Plaintiffs' invitation to adjudicate that motion now and conserve both the parties' and judicial resources.

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

3

**4.** For similar reasons, the Court should not move forward with Plaintiffs' request to lift the stay, allow completion of briefing on Plaintiffs' motion for preliminary injunction, and issue an indicative ruling, let alone do all that on a highly expedited basis. This Court decided to stay Plaintiffs' latest motion for a preliminary injunction just two weeks ago, and Plaintiffs make no attempt to show why the Court should reconsider its decision. And while we previously noted that "[i]f Plaintiffs think there are distinct grounds for a new injunction, they could also seek an indicative ruling from this Court," ECF No. 190 at 5 n.2, the Court is permitted to "defer considering the motion," Fed. R. Civ. P. 62.1(a)(1), and it should do that here. For starters, the same considerations the Court identified in staying proceedings on the preliminary injunction motion—"[t]he Ninth Circuit is still considering the merits of Plaintiffs' arguments as to the temporary restraining order, and those merits are inextricably tied up with the merits of Plaintiffs' new motion," ECF No. 192 at 4—suggest that any indicative ruling should state that it would *deny* the motion, *see* Fed. R. Civ. P. 62.1(a)(2), given that the published stay decision is for now the applicable law on the subject.

In any event, an indicative ruling makes no sense in this context. The Court could not issue an indicative ruling without full briefing. And that ruling would be issued without the benefit of the Ninth Circuit's potentially imminent ruling on Defendants' appeal of the June 12 Order. If the Court indicated that it would *grant* the motion, the parties would then brief in the court of appeals whether the court of appeals *should* remand for that purpose, which would require the Ninth Circuit to review the merits of the potential injunction this Court would have indicated it would enter based on a potentially soon-to-be-outdated legal framework, at the same time the Ninth Circuit is considering the appeal of the June 12 Order. This would be a waste of judicial and party resources. The Court should instead simply await the Ninth Circuit's authoritative guidance in the fully briefed appeal of the June 12 Order, as it indicated it would do just over two weeks ago when it stayed proceedings on Plaintiffs' motion for a third injunction.

**5.** Considering the foregoing, Defendants also respectfully request that the Court stay all further proceedings in this case pending resolution of all appellate proceedings on the Section 12406 issue. The "power to stay proceedings is incidental to the power inherent in every court to

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

4

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good [], if not an excellent" reason to stay district court proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009).

A stay is plainly warranted here. The Court has decided the merits of Plaintiffs' PCA claim, and this Court's permanent injunction on that claim is pending before the Ninth Circuit. The Section 12406 part of the case is also pending in the court of appeals and, for the reasons set forth above and in the Court's order staying proceedings on the September 2 preliminary injunction motion, any arguments Plaintiffs might make concerning the legality of the Guard's deployment under Section 12406 are intertwined with the matters the Ninth Circuit will soon decide. Nonetheless, in the span of less than three weeks, Plaintiffs have filed two motions seeking expedited consideration of arguments that are plainly bound up with the issues the Ninth Circuit will soon decide. Moreover, Defendants are currently required to respond to the Complaint on October 10. ECF No. 144. Although Defendants can seek extensions of this date and other applicable deadlines, Defendants respectfully submit that a more streamlined and better approach

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

5

is to stay all district court proceedings—where further appellate guidance will plainly determine the remaining course of this case.

**6.** At the very least, the Court should deny Plaintiffs' requested briefing and hearing schedule. Rather, if Plaintiffs are permitted to file a motion for partial summary judgment, that motion should be briefed under the ordinary timetables set forth in the Local Rules. There is plainly no emergency here warranting Plaintiffs' highly expedited proposed schedule. Indeed, in its previous stay decision, the Ninth Circuit held that "[b]oth irreparable harm and the public interest weigh in favor of [d]efendants," *Newsom*, 141 F.4th at 1054—and at that time, the number of federalized Guardsmen and deployed Marines was more than an order of magnitude higher than the approximately 260 National Guard members that remain. Plaintiffs have not articulated any good reason to expedite the proceedings in this way. Indeed, it is evident that they are rushing for purely political reasons. Plaintiffs seek relief by October 10, presumably because Plaintiffs continue to contend that relief is needed in advance of upcoming elections in the state. *See* ECF No. 183 (preliminary injunction motion, which mentions upcoming election approximately fifteen times); ECF No. 183-2 at 50 (noting that "Ballot drop-off locations open on October 7, 2025"). But this argument is political grandstanding; Plaintiffs do not so much as attempt to explain how the presence of 260 remaining National Guardsmen in Southern California to protect federal property and personnel impairs the integrity of California's upcoming statewide elections. The Court should not entertain a motion for partial summary judgment at all at this time, but, if it does, that motion should be litigated on an ordinary schedule that permits the parties and the Court to fully litigate and consider the issues presented.

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

6

| | |
|---|---|
| Dated: September 25, 2025 | Respectfully submitted, |

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Federal Programs Branch
(CA Bar No. 296283)

ALEXANDER K. HAAS
(CA Bar No. 220932)
Director, Federal Programs Branch

JEAN LIN
(NY Bar No. 4074530)
Special Litigation Counsel
Federal Programs Branch


*/s/ Christopher D. Edelman*
CHRISTOPHER D. EDELMAN
(DC Bar No. 1033486)
Senior Counsel
BENJAMIN S. KURLAND
(DC Bar No. 1617521)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: 202-305-8659
Email: christopher.edelman@usdoj.gov

*Attorneys for Defendants*

Defendants' Combined Memorandum in Support of Motion to Stay Proceedings and Response to Plaintiffs' Request for Expedited Summary Judgment Briefing Schedule
3:25-cv-04870-CRB

7