**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| GAVIN NEWSOM, in his official capacity as Governor of the State of California and STATE OF CALIFORNIA,<br><br>*Plaintiffs - Appellees*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; PETER HEGSETH, in his official capacity as Secretary of the Department of Defense; UNITED STATES DEPARTMENT OF DEFENSE,<br><br>*Defendants - Appellants*. | Nos. 25-3727<br>25-7781<br><br>D.C. No.<br>3:25-cv-04870-CRB<br>Northern District of California, San Francisco<br><br>ORDER |

Filed October 23, 2026

Before: Mark J. Bennett, Eric D. Miller, and Jennifer Sung, Circuit Judges.

Order;
Partial Dissent by Judge Bennett

## SUMMARY*

### Jurisdiction

The panel denied a motion by Defendants to dismiss the appeal in Case No. 25-3727, and granted a motion by Defendants to dismiss the appeal in Case No. 25-7781.

The State of California and its Governor, Gavin Newsom, sued the President, the Secretary of Defense, and the Department of Defense (collectively, "Defendants") when, in response to disturbances in Los Angeles, the President invoked 10 U.S.C. § 12406 and ordered 4,000 members of the California National Guard into federal service for 60 days to protect federal personnel performing federal functions and to protect federal property.

Federal Rule of Appellate Procedure 42(b)(2) provides that "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." But granting such a motion is not mandatory—Rule 42(b) says that an appeal "may be dismissed on the appellant's motion," not that it "shall be dismissed."

The panel denied Defendants' motion to dismiss the appeal in Case No. 25-3727—Defendants' appeal of the district court's injunction against the initial federalization and deployment of the California National Guard—for three reasons: (1) the appeal of the initial-federalization injunction is not moot where a decision on the merits would provide relief to the State by preventing federalization of the

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

California National Guard under similar circumstances in the future, (2) the court and the parties have already invested substantial time in the appeal, and (3) exercising discretion against dismissal would curtail strategic behavior and prevent a party from manipulating the formation of precedent by dismissing those proceedings that may lead to an adverse decision.

The panel granted Defendants' motion to dismiss the appeal in Case No. 25-7781—Defendants' appeal of the district court's injunction against the extension of the federalization and deployment of the California National Guard. Whether or not the appeal is moot under Article III, it has little practical significance in light of the panel's decision to affirm the initial federalization injunction. The parties have not briefed the appeal of the federalization-extension injunction, nor has the court devoted resources to it. And because the appeal may raise issues that would recur in a future federalization case, the dismissal of the appeal poses less potential for strategic manipulation.

Dissenting in part, Judge Bennett agreed with the majority's decision to dismiss the appeal in Case No. 25-7781. However, he would also grant Defendants-Appellants' motion to dismiss the appeal in Case No. 25-3727 because, beyond the panel's investment of time, there is nothing more to establish grounds for the panel to exercise its discretion not to dismiss under Rule 42(b). Plaintiffs-Appellees do not claim that dismissal would cause them any specific financial loss or other injury, and Judge Bennett saw no signs of gamesmanship.

## COUNSEL

Samuel T. Harbourt (argued) and Michael J. Mongan, Solicitors General; Haley Amster and Cara Newlon, Associate Deputy Solicitors General; Meghan H. Strong, Megan A. Schultz Richards, Jane Reilley, Barbara Horne-Petersdorf, Brendan M. Hamme, and Nicholas R. Green, Deputy Attorneys General; Joshua Patashnik and Christopher D. Hu, Deputy Solicitors General; Robin L. Goldfaden, James E. Stanley, Anya Binsacca, Marissa Malouff, and John D. Echeveria, Supervising Deputy Attorneys General; Thomas S. Patterson and Michael L. Newman, Senior Assistant Attorneys General; Helen H. Hong, Principal Deputy Solicitor General; Rob Bonta, California Attorney General; Office of the California Attorney General, San Francisco, California; Laura L. Faer, Acting Senior Assistant Attorney General, Nicholas D. Espiritu, Deputy Attorney General; Office of the Attorney General, Oakland, California; Kendal L. Micklethwaite, Deputy Assistant Attorney General, Office of the California Attorney General, Sacramento, California; Lorraine Lopez, Deputy Attorney General, Public Rights Division, Civil Rights Enforcement Section; Office of the California Attorney General, Los Angeles, California; for Plaintiffs-Appellees.

Eric D. McArthur (argued), Deputy Assistant Attorney General; Steven A. Myers, Andrew M. Bernie, Anna O. Mohan, J. Kain Day, Sharon Swingle, and Mark R. Freeman, Attorneys; Christopher D. Edelman, Trial Attorney; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; Michael J. Gerardi, Associate Deputy General Counsel, Office of the General Counsel, United States Department of Health and

Human Services, Washington, D.C.; for Defendants-Appellants.

Robin B. Johansen and Margaret R. Prinzing, Olson Remcho LLP, Oakland, California; Kathryn Londerberg, Chief Deputy Legislative Counsel; Cara L. Jenkins, Legislative Counsel; Office of the Legislative Counsel, Sacramento, California; for Amicus Curiae Legislature of the State of California.

Julia Spiegel, Governors Action Alliance, Washington, D.C.; Charanya Krishnaswami, Governors Safeguarding Democracy, Washington, D.C.; Carey R. Dunne, Kevin Trowel, Zack Goldberg, and Martha Reisner, Free and Fair Litigation Group Inc., New York, New York; Joseph T. Baio, Jospeh T. Baio LLC, New York, New York; for Amici Curiae Bipartisan Former Governors.

Nancy E. Harris and Karun A. Tilak, Deputy City Attorneys; Sara J. Eisenberg, Chief of Complex and Affirmative Litigation; Mollie M. Lee, Chief of Strategic Advocacy; Yvonne R. Meré, Chief Deputy City Attorney; David Chiu, City Attorney; San Francisco Office of the City Attorney, San Francisco, California; Cody S. Harris, Sophie Hood, Anjali Srinivasan, Ian Kanig, Cara R. Meyer, and Eliane Holmund, Keker Van Nest & Peters LLP, San Francisco, California; Jenny Ma, Alexandra Kliger, and Jonathan B. Miller, Public Rights Project, Oakland, California; Yibin Shen, City Attorney, City of Alameda, Alameda, California; Lauren Keefe, City Attorney, City of Albuquerque, Albuquerque, New Mexico; Ebony M. Thompson, City Solicitor, Baltimore City Department of Law, Baltimore, Maryland; Megan B. Bayer, City Solicitor, City of Cambridge, Cambridge, Massachusetts; Mary B. Richardson-Lowry, Corporation Counsel, City of Chicago,

Chicago, Illinois; David R. Gault, Deputy Corporation Counsel; Carlos Pabellon, Corporation Counsel; County of Dane, Madison, Wisconsin; Alexandra B. Ruggie, Corporation Counsel, City of Evanston, Evanston, Illinois; Leesa Manion, Prosecuting Attorney, Martin Luther King Jr. County, Seattle, Washington; Kristyn Anderson, City Attorney, City of Minneapolis, Minneapolis, Minnesota; John P. Markovs, Montgomery County Attorney, Montgomery County, Rockville, Maryland; Patricia King, Corporation Counsel, Office of New Haven Corporation Counsel, New Haven, Connecticut; Krysia Kubiak, City Solicitor and Chief Legal Officer, City of Pittsburgh, Pittsburgh, Pennsylvania; Susana A. Wood, City Attorney, City of Sacramento, Sacramento, California; John D. Nibbelin, County Attorney, County of San Mateo, Redwood City, California; Meredith A. Johnson, Lead Deputy County Counsel; Kavita Narayan, Chief Assistant County Counsel; Tony Lopresti, County Counsel; County of Santa Clara, San José, California; Douglas T. Sloan, City Attorney, City of Santa Monica, Santa Monica, California; Lauren Langer, City Attorney, Best Best & Krieger LLP, City of West Hollywood, Los Angeles, California; for Amici Curiae Local Governments and Local Government Leaders.

Sarvenaz Bahar, Bahar Law Office PC, Los Angeles, California; Stephanie J. Finelli, Law Office of Stephanie J. Finelli, Sacramento, California; Robert S. Chang and Shaleen Shanbhag, Fred T. Korematsu Center for Law and Equality, UC Irvine School of Law, Irvine, California; for Amici Curiae the California Unity Bar and the Fred T. Korematsu Center for Law and Equality.

Mack E. Jenkins, Matthew J. Craig, and Susan Har, Hecker Fink LLP, Los Angeles, California; Beau Tremitiere and Kristy Parker, Protect Democracy United, Washington,

D.C.; for Amici Curiae Former U.S. Army and Navy Secretaries and Retired Four-Star Admirals and Generals.

Valerie L. Flores, Michael J. Dundas, and Shaun D. Jacobs, Attorneys; Hydee F. Soto, City Attorney; Los Angeles City Attorney Office, Los Angeles, California; Norman L. Eisen, Stephen A. Jonas, Joshua G. Kolb, and Diamond Brown, Democracy Defenders Fund, Washington, D.C.; Ebony M. Thompson, City Solicitor, Baltimore City Department of Law, Baltimore, Maryland; Stephanie Vasquez, City Attorney, Bell Gardens City Attorney's Office, Bell Gardens, California; Adam Cederbaum, Corporation Counsel, City of Boston Law Department, Boston, Massachusetts; Mary B. Richardson-Lowry, Corporation Counsel, City of Chicago Department of Law, Chicago, Illinois; Dawn A. McIntosh, City Attorney, Office of the City Attorney, Long Beach, California; Brigit G. Alvarez, Deputy County Counsel; Liliana Campos, Assistant County Counsel; Judy W. Whitehurst, Los Angeles County Chief Deputy, Los Angeles, California; Karl H. Berger, City Attorney, Monterey Park City Attorney’s Office, Monterey Park, California; Muriel Goode-Trufant, Corporation Counsel, City of New York, New York, New York; Sonia R. Carvalho, City Attorney, City of Santa Ana, Santa Ana, California; Heidi von Tongeln, Santa Monica City Attorney's Office, Santa Monica, California; Monica D. Castillo, City Attorney, City of Santa Paula, Los Angeles, California; Lauren Langer, City Attorney, City of West Hollywood, West Hollywood, California; for Amici Curiae The City of Los Angeles, The County of Los Angeles, The City of Baltimore, The City of Bell Gardens, The City of Boston, The City of Chicago, The City of Monterey Park, The City of New York, The City of Santa Ana, The City of

Santa Monica, The City of Santa Paula, The City of Long Beach, and The City of West Hollywood.

Patricio A. Marquez, Emily Nelson, Andrew Hughes, and Alexia Diorio, Assistant Attorneys General; Nicholas W. Brown, Washington Attorney General; Office of the Attorney General, Seattle, Washington; Rose E. Gibson, Assistant Attorney General; Ian R. Liston, Director of Impact Litigation; Kathleen Jennings, Delaware Attorney General; Office of the Delaware Attorney General, Wilmington, Delaware; Kristin K. Mayes, Arizona Attorney General, Office of the Arizona Attorney General, Phoenix, Arizona; Philip J. Weiser, Colorado Attorney General, Office of the Colorado Attorney General, Denver, Colorado; William Tong, Connecticut Attorney General, Office of the Connecticut Attorney General, Hartford, Connecticut; Anne E. Lopez, Hawai'i Attorney General, Office of the Hawai'i Attorney General, Honolulu, Hawai'i; Kwame Raoul, Illinois Attorney General, Office of the Illinois Attorney General, Chicago, Illinois; Aaron M. Frey, Maine Attorney General, Office of the Maine Attorney General, Augusta, Maine; Anthony G. Brown, Maryland Attorney General, Office of the Maryland Attorney General; Dana Nessel, Michigan Attorney General, Office of the Michigan Attorney General, Lansing, Michigan; Keith Ellison, Minnesota Attorney General, Office of the Minnesota Attorney General, St. Paul, Minnesota; Aaron D. Ford, Nevada Attorney General, Office of the Nevada Attorney General, Carson City, Nevada; Matthew J. Platkin, New Jersey Attorney General, Office of the New Jersey Attorney General, Trenton, New Jersey; Letitia James, New York Attorney General, Office of New York Attorney General, New York, New York; Jeff Jackson, North Carolina Attorney General, Office of the North Carolina Attorney

General, Raleigh, North Carolina; Dan Rayfield, Oregon Attorney General, Office of Oregon Attorney General, Salem, Oregon; Peter F. Neronha, Rhode Island Attorney General, Office of Rhode Island Attorney General, Providence, Rhode Island; Charity R. Clark, Vermont Attorney General, Office of the Vermont Attorney General, Montpelier, Vermont; Joshua L. Kaul, Wisconsin Attorney General, Office of the Wisconsin Attorney General, Madison, Wisconsin; Justin Whitten, Attorney for Governor Kelly, Office of the Governor of Kansas, Topeka, Kansas; for Amici Curiae Washington, Delaware, Arizona, Colorado, Connecticut, Hawai'i, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New York, North Carolina, Oregon, Rhode Island, Vermont, Wisconsin, and the Office of the Governor of Kansas.

Brandon V. Stracener Sr. and David A. Carrillo, University of California, Berkeley School of Law, Berkeley, California, for Amicus Curiae California Constitution Scholars.

Martin Akerman, Arlington, Virginia, for Amicus Curiae Martin Akerman, Chief Data Officer of the National Guard Bureau.

J. Andrew Boyle and Maithreyi Ratakonda, States United Democracy Center, Brooklyn, New York; Christine P. Sun, States United Democracy Center, Los Angeles, California; for Amici Curiae Vet Voice Foundation and Retired Senior Military Officers.

Andrew G. Watters, Redwood City, California, for Amicus Curiae Blue Eagle Coalition.

Brian A. Sutherland and Jocelyn Sperling, Complex Appellate Litigation Group LLP, San Francisco, California,

for Amici Curiae the Chamberlain Network and Military Veterans.

Elizabeth B. Wydra, Brianne J. Gorod, and Brian R. Frazelle, Constitutional Accountability Center, Washington, D.C., for Amicus Curiae Constitutional Accountability Center.

Simon C. Brewer and Brian D. Netter, Democracy Forward Foundation, Washington, D.C., for Amicus Curiae Interfaith Alliance Foundation.

Donald K. Sherman, Nikhel S. Sus, and Alex M. Goldstein, Citizens for Responsibility and Ethics in Washington, Washington, D.C.; Drew E. Pomerance, Roxborough Pomerance Nye & Adreani LLP, Woodland Hills, California; for Amicus Curiae Historian Mark A. Graber.

Peter Eliasberg, Victor Leung, and Adrienna Wong, ACLU Foundation of Southern California; Los Angeles, California; Hina Shamsi, Charlie Hogle and Sean M. Lau, American Civil Liberties Union Foundation, New York, New York; Shilpi Agarwal, Chessie Thacher, and Neil Sawhney, ACLU Foundation of Northern California, San Francisco, California; Julia A. Gomez, ACLU Foundation of San Diego & Imperial Counties, San Diego, California; for Amici Curiae American Civil Liberties Union, ACLU of Southern California, ACLU of Northern California, ACLU of San Diego & Imperial Counties, The Knight First Amendment Institute at Columbia University, and the Rutherford Institute.

Gary S. Lincenberg and Marc E. Masters, Bird Marella Rhow Lincenberg Drooks & Nessim LLP, Los Angeles, California; Erwin Chemerinsky, University of California, Berkeley School of Law, Berkeley, California; for Amici

Curiae Twenty-One Sitting Members of the United States Senate.

Jean-Claude Andre, Bryan Cave Leighton Paisner LLP, Santa Monica, California; Emma G. McEnery, Bryan Cave Leighton Paisner LLP, St. Louis, Missouri; Benjamin J. Hogan and Clark D. Seaman, Bryan Cave Leighton Paisner LLP, Denver, Colorado; Daniel C. Schwartz and Mark A. Srere, Bryan Cave Leighton Paisner LLP, Washington, D.C.; for Amicus Curiae National Security Leaders for America.

Neal Goldfarb, Dillsburg, Pennsylvania, for Amicus Curiae Neal Goldfarb.

---

## ORDER

In June 2025, in response to disturbances in Los Angeles, the President invoked 10 U.S.C. § 12406 and ordered 4,000 members of the California National Guard into federal service for 60 days to protect federal personnel performing federal functions and to protect federal property. The State of California and its Governor, Gavin Newsom, sued the President, the Secretary of Defense, and the Department of Defense. The ensuing litigation has resulted in three appeals presently before this court.

First, the district court granted a temporary restraining order enjoining Defendants "from deploying members of the California National Guard in Los Angeles" and directing them "to "return control of the California National Guard to Governor Newsom." *Newsom v. Trump*, 786 F. Supp. 3d 1235, 1263 (N.D. Cal. 2025). Concluding that the temporary restraining order was effectively a preliminary injunction,

we stayed the injunction pending appeal. *Newsom v. Trump*, 141 F.4th 1032, 1044, 1056 (9th Cir. 2025). Defendants' appeal of that injunction (Case No. 25-3727) has been fully briefed, and we heard oral argument on October 22, 2025. Dkt. No. 141.

Second, the district court entered an injunction barring Defendants from "deploying, ordering, instructing, training, or using the National Guard currently deployed in California . . . to execute the laws . . . unless and until Defendants satisfy the requirements of a valid constitutional or statutory exception . . . to the Posse Comitatus Act," 18 U.S.C. § 1385. *Newsom v. Trump*, 797 F. Supp. 3d 1092, 1131–32 (N.D. Cal. 2025). We entered an administrative stay of that injunction. No. 25-5553, Dkt. No. 7 (Sep. 4, 2025). Thereafter, we granted Plaintiffs' unopposed motion to hold the appeal in abeyance. No. 25-5553, Dkt. No. 39 (Jan. 12, 2026).

Third, after Defendants entered new orders extending the initial 60-day federalization of the California National Guard, the district court entered a new injunction barring the continued federalization. *Newsom v. Trump*, 811 F. Supp. 3d 1086, 1116 (N.D. Cal. 2025). We granted a partial administrative stay of that order insofar as it compelled Defendants to return control of the California National Guard to Governor Newsom, but we otherwise denied a stay. No. 25-7781, Dkt. No. 14 (Dec. 12, 2025). Thereafter, with Defendants' consent, we lifted the partial administrative stay. No. 25-7781, Dkt. No. 24 (Dec. 31, 2025). Defendants' appeal of that injunction (Case No. 25-7781) remains pending, but no merits briefs have been filed.

Presently before us is a motion by Defendants to dismiss the appeals in Case No. 25-3727 (that is, the appeal of the

district court's injunction against the initial federalization and deployment of the California National Guard) and in Case No. 25-7781 (that is, the appeal of the district court's injunction against the extension of the federalization and deployment of the California National Guard). Plaintiffs oppose the motion in both cases.

Federal Rule of Appellate Procedure 42(b)(2) provides that "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." In the normal course, we routinely grant such motions. But granting such a motion is not mandatory—Rule 42(b) says that an appeal "*may* be dismissed on the appellant's motion," not that it "*shall* be dismissed." Thus, we have recognized that we have "discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b)." *Shellman v. United States Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975); *see also United States v. DeShazer*, 554 F.3d 1281, 1285 n.1 (10th Cir. 2009).

1. With respect to the initial federalization injunction in Case No. 25-3727, we deny the motion to dismiss for three reasons. *See In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015) (per curiam) (identifying three factors to guide the exercise of discretion under Rule 42(b)); *see also Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (per curiam).

First, no party suggests that the appeal of the initial-federalization injunction is moot, and it is not. *See In re Nexium*, 778 F.3d at 2. To be sure, the California National Guard is no longer federalized or deployed in Los Angeles, but that is because the district court's injunction barring the extension of the federalization took effect. A defendant's compliance with an injunction does not moot an appeal.

*United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012). A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). Here, a decision on the merits would provide relief to the State by preventing federalization of the California National Guard under similar circumstances in the future. The possibility of such federalization and deployment is not speculative. To the contrary, Defendants have expressly promised it. For example, the President stated, "We are removing the National Guard from Chicago, Los Angeles, and Portland," but "[w]e will come back, perhaps in a much different and stronger form, when crime begins to soar again—Only a question of time!"[1]

Second, the court and the parties have already invested substantial time in the appeal. By the time Defendants filed their motion to dismiss, the case was fully briefed and argued, and the court had begun drafting an opinion. Recognizing "that a court's prior investment of time in preparing a decision is a relevant factor in deciding whether to dismiss," courts regularly deny motions to dismiss in such circumstances. *In re Nexium*, 778 F.3d at 2; *see also Albers*, 354 F.3d at 646; *Ford v. Strickland*, 696 F.2d 804, 807 (11th Cir. 1983) (en banc) (per curiam) (denying motion to dismiss filed "[a]fter full briefing, extended oral argument, and several months of deliberation during which the judges of the Court sought to resolve and reconcile the various issues

---

[1] Donald J. Trump (@realDonaldTrump), Truth Social (Dec. 31, 2025 at 12:55pm), https://perma.cc/K96X-G78V.

involved"); *United States v. Hagerman*, 549 F.3d 536, 538 (7th Cir. 2008).

Third, a "good reason to exercise discretion against dismissal is to curtail strategic behavior" and to prevent a party from "manipulat[ing] the formation of precedent by dismissing those proceedings that may led to an adverse decision." *Albers*, 354 F.3d at 646; *see United States v. Washington Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) (Kennedy, J.) (recognizing that if "an appellant sought dismissal for the purpose of evading appellate determination of certain questions . . . , we might have grounds for exercising our discretion not to dismiss"). Defendants have not disavowed any of the arguments they have advanced so far, and, as noted, have stated that it is "[o]nly a question of time" before they will once again engage in the same conduct that prompted this litigation. Thus, even if *Trump v. Illinois* may have prompted Defendants' motion to dismiss, it does not appear to have prompted reconsideration of any of Defendants' positions on the merits. 146 S. Ct. 432 (2025) (per curiam).

Defendants are in the unusual position of being able to fulfil their promise of recreating the conditions that led to this litigation whenever and wherever they choose. And although this panel would hear any appeal of the district court's later decisions in this case, *see* Ninth Cir. Gen. Order 6.4(d), it would not hear an appeal from a district court's decision issued in new litigation that might be instituted if, for example, Defendants were to federalize the National Guard in a different State. In these circumstances, we need not conclude that Defendants are presently engaging in improper gamesmanship to recognize that dismissal would allow Defendants to use Rule 42(b) to prevent the issuance of a decision by this panel when the interests of justice

require that a decision be issued. Defendants can—and have effectively threatened to—"press again before a different panel" in an emergency motion in a future case the issues that have been fully briefed to us and have already received our careful consideration. *In re Nexium*, 778 F.3d at 2.

Finally, *Oregon v. Trump* does not support dismissal, let alone require it. 171 F.4th 1144 (9th Cir. 2026) (en banc). Unlike in this case, the State there agreed with the federal government that "the interests of justice counsel dismissing the instant appeals," and briefing on the merits had not even begun.

2. The appeal of the federalization-extension injunction in Case No. 25-7781 is different. Whether or not that appeal is moot in an Article III sense, it has little practical significance in light of our decision today to affirm the initial federalization injunction. The parties have not briefed the appeal of the federalization-extension injunction, nor has the court devoted resources to it beyond the initial rulings on Defendants' stay motion. And because the appeal may well raise issues that would not recur in a future federalization case, the dismissal of the appeal poses less potential for strategic manipulation.

The motion to dismiss the appeal in Case No. 25-3727 is **DENIED**; the motion to dismiss the appeal in Case No. 25-7781 is **GRANTED**.

BENNETT, Circuit Judge, dissenting in part:

I respectfully dissent in part. The majority correctly dismisses the appeal in Case No. 25-7781. In my view, however, we also should grant the motion to dismiss the appeal in Case No. 25-3727 (the "Appeal").

Defendants-Appellants moved to dismiss the Appeal pursuant to Rule 42(b)(2) of the Federal Rules of Appellate Procedure. As the majority concedes, "[i]n the normal course, we routinely grant such motions." Majority Op. at 13. But because we do so in the exercise of "discretion," we have stated that "circumstances may arise which demand, in the interests of justice, that [we] deny [an] appellant's motion to voluntarily dismiss." *Shellman v. U.S. Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975).

Such circumstances can include the "invest[ment] [of] substantial time in the appeal." Majority Op. at 14. But as I read our precedent, a substantial investment of time alone is insufficient to meet that standard. *See Suntharalinkam v. Keisler*, 506 F.3d 822, 823 (9th Cir. 2007) (en banc) (granting a motion to dismiss under Rule 42(b) which was filed about one month after the case had been argued and submitted to a fifteen-judge en banc panel); *see also id.* at 824 (Kozinski, J., dissenting) (stressing that substantial time and resources had been devoted to resolving the case).

Our precedents require something more. Gamesmanship, for example. "If it appeared that an appellant sought dismissal for the purpose of evading appellate determination of certain questions in order to frustrate court orders in the continuing litigation, we might have grounds for exercising our discretion not to dismiss." *United States v. Washington*, 573 F.2d 1117, 1118 (9th Cir.

1978). We might also deny an appellant's request to abandon its appeal when doing so would result in financial loss or other injury to the appellee. *See id.*

But beyond the panel's investment of time, there is nothing more here. So unlike the majority, I would grant Defendants-Appellants' motion to dismiss the Appeal. *See Suntharalinkam*, 506 F.3d at 823.

Plaintiffs-Appellees do not claim that dismissal would cause them any specific financial loss or other injury. Indeed, if we were to grant the motion, Plaintiffs-Appellees would remain protected by the district court's temporary restraining order. While Plaintiffs-Appellees have expended time and expense in defending that order, granting the motion to dismiss would inflict no injury on Plaintiffs-Appellees because dismissal of the Appeal would leave that order intact.

I also see no signs of gamesmanship. Defendants-Appellants moved to dismiss just one month after the Supreme Court decided *Trump v. Illinois*, 146 S. Ct. 432 (2025), which directly concerns a central issue in this appeal. There is nothing wrong or improper about changing one's litigation strategy based on intervening authority from the Supreme Court. *See United States v. Brenner*, 3 F.4th 305, 306 (6th Cir. 2021) (finding "no injustice or unfairness" in granting a motion to dismiss an appeal based on an intervening adverse Supreme Court decision). Indeed, we should welcome such action. And practically, dismissing this interlocutory appeal would send Plaintiffs-Appellees' claims toward trial; it would not absolve Defendants-Appellants of any alleged violation of law. *See Creaton v. Heckler*, 781 F.2d 1430, 1431 (9th Cir. 1986) (granting a motion to dismiss an appeal because there was no injustice

in accepting an appellant's decision to "proceed to trial without interim relief").

Our en banc court's recent decision to grant the motion to dismiss in *Oregon v. Trump* confirms that Defendants-Appellants' motion to dismiss is not improper, strategically or otherwise. 171 F.4th 1144 (9th Cir. 2026). In *Oregon*, just as here, the State challenged the President's federalization of its National Guard members, and Defendants-Appellants appealed from the district court's adverse rulings. *See* Response to Motion to Dismiss at 2–5, *Oregon v. Trump*, No. 25-6268 (9th Cir. Feb. 5, 2026), Dkt. No. 114. While the Appeal and the consolidated *Oregon* appeal were pending, the Supreme Court issued *Illinois*. *See id.* at 7. Defendants-Appellants then moved to dismiss the *Oregon* appeal. *See id.* In doing so, Defendants-Appellants did not disavow their legal arguments and even stated that they had the authority to engage in the same conduct. *See id.* at 7–8. Indeed, the President's statement that they would "come back, perhaps in a much different and stronger form," applied with equal force to the deployment in Portland as to the deployment in Los Angeles. Majority Op. at 14. Even so, our en banc court *granted* Defendants-Appellants' motion to dismiss the *Oregon* appeal under Rule 42(b)(2). *Oregon*, 171 F.4th 1144. In my view, nothing distinguishes that motion from this motion.[2] Therefore, following the

[2] That the State of Oregon did not oppose the dismissal, in my view, is not material. First, we have discretion in deciding whether to dismiss an appeal under Rule 42(b)(2) regardless of the parties' agreement. *See Shellman*, 528 F.2d at 678. Second, *Oregon* presented materially the same situation: after substantial court resources had been expended, Defendants-Appellants moved to dismiss the appeal based on *Illinois* and did not disavow their legal arguments.

same course, I believe we should grant the motion and dismiss the Appeal.

The gamesmanship precedents relied on by the majority are plainly distinguishable. First, in *Albers v. Eli Lilly & Co.*, the appellant's counsel "essentially conced[ed] that" the plan was "to manipulate the formation of precedent by dismissing those proceedings that may lead to an adverse decision while pursuing others to conclusion." 354 F.3d 644, 646 (7th Cir. 2004) (per curiam). Here, Defendants-Appellants make no such concession. And *Illinois* provides an evidently bona fide reason for seeking dismissal of the Appeal.[3] Second, in *In re Nexium Antitrust Litigation*, the circumstances likewise indicated that the appellants sought dismissal of their interlocutory appeal to later press the same issue on appeal "before a different panel." 778 F.3d 1, 2 (1st Cir. 2015). Here, by contrast, because our panel was drawn pursuant to our General Order 6.4(d), any appeal of the district court's later decisions in this case will return to us. *See* Ninth Cir. Gen. Order 6.4(d). And contrary to the majority's suggestion, Majority Op. at 16, *In re Nexium* did not go so far as holding that courts should be concerned about the same issues being raised before a different panel *in future, hypothetical cases involving different parties*. *See In re Nexium*, 778 F.3d at 2 (expressing concern that defendants would be able to raise the same issue "before a different panel in an appeal after final judgment" in the same case).

---

[3] Defendants-Appellants moved to dismiss similar appeals in light of *Illinois*. As discussed above, Defendants-Appellants moved to dismiss the *Oregon* appeal, which motion our en banc court granted. 171 F.4th 1144. And on remand from the Supreme Court, Defendants-Appellants filed a stipulated dismissal of the *Illinois* appeal in the Seventh Circuit under Rule 42(b)(1). *See* Joint Stipulation to Dismiss Appeal at 1, *Illinois v. Trump*, No. 25-2798 (7th Cir. Jan. 21, 2026), Dkt. No. 41.

And third, in *Washington*, we *granted* the appellants' motion to dismiss their own appeal under Rule 42(b). 573 F.2d at 1118.

We have "discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b)." *Shellman*, 528 F.2d at 678. But I believe Plaintiffs-Appellees would suffer no material injury based on our dismissal of the Appeal because the district court's temporary restraining order would remain in place as this case proceeds to trial. And I see no signs of gamesmanship in Defendants-Appellants seeking dismissal of the Appeal. In sum, there are no circumstances "which demand, in the interests of justice, that [we] deny [Defendants-Appellants'] motion to voluntarily dismiss." *Id.*

Thus, I believe sound judicial discretion favors our granting Defendants-Appellants' motion to dismiss the Appeal. To borrow the words of Chief Justice John Roberts, because "it is not necessary to decide more" in the Appeal, I believe that "it is necessary *not* to decide more" in the Appeal. *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C.J., concurring in the judgment). The Appeal presents novel and unquestionably consequential issues that need not be decided now. By retaining the Appeal, we decide these issues in an interlocutory posture and based on briefing prepared amid a shifting factual and legal landscape. And as a result, we have received scant briefing on several significant issues, such as the viability of Plaintiffs-Appellees' statutory ultra vires claim and their Tenth Amendment claim. I believe that these circumstances clearly counsel restraint, not moving forward full speed ahead.

For these reasons, I would grant Defendants-Appellants' motion to dismiss the Appeal in Case No. 25-3727. Thus, I respectfully dissent in part.